**Donald Peter FOGO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–89–492–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 15, 1990.

Discretionary Review Granted
May 23, 1990.

Brian J. Fischer, Houston, for appellant.

Winston E. Cochran, Jr., Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

Appellant was indicted for the misdemeanor offense of making a political contribution that exceeded one hundred dollars in cash in aggregate amount in a single reporting period. TEX.ELEC.CODE ANN. §§ 253.003, 253.033 (Vernon Supp.1990). The appellant filed a motion to quash the indictment which was denied. Appellant then waived trial by jury and entered a plea of not guilty before the court contending that the statutes involved were unconstitutionally vague and that the indictment did not set out an offense against the laws of the State of Texas. The trial court found the appellant guilty as charged and assessed punishment at a $250 fine. We affirm.

Appellant's conviction arises from events at a Houston restaurant during early October, 1988. The appellant, who is an attorney and two other lawyers met with incumbent Justice of the Peace Larry Boyd and one of his political campaign workers at the restaurant. During the course of the conversation, an envelope containing $750 in cash was handed to the campaign worker.

It is not entirely clear who passed the envelope, but the appellant indicated that the money was to serve as a campaign contribution and that events in his personal life made writing a check inconvenient. Appellant contended that he did not realize there was a law against his actions until it was pointed out to him by the District Attorney's Office.

Both the appellant and the State agree that the pertinent statutes are as follows:

§ 253.003 UNLAWFULLY MAKING OR ACCEPTING CONTRIBUTION

(a) A person may not knowingly make a political contribution in violation of this chapter.

(b) A person may not knowingly accept a political contribution the person knows to have been made in violation of this chapter.

(c) Except as provided by Subsection (d), a person who violates this section commits an offense. An offense under this section is a Class A misdemeanor.

TEX.ELEC.CODE ANN. § 253.003 (Vernon Supp.1990)

§ 253.033 CASH CONTRIBUTIONS EXCEEDING $100 PROHIBITED

(a) A candidate, officeholder, or specific-purpose committee may not knowingly accept from a contributor in a reporting period political contributions in cash that in the aggregate exceed $100.

(b) A person who violates this section commits an offense. An offense under this section is a Class A misdemeanor.

TEX.ELEC.CODE ANN. § 253.033 (Vernon Supp.1990)

Appellant's first point of error argues that he was prosecuted under an unconstitutional statute. He asserts that the election statute is so vague as to deprive him of fair notice of its applicability and thus it violates due process under the XIV Amendment to the U.S. Constitution. In point of error number two, the appellant argues that the two statutes together still do not constitute an offense. He also argues that legislative history indicates an intent by the Texas Legislature to remove

criminal penalties for the making, as opposed to the receiving, of political contributions. Although the Election Code has been frequently amended, it is still clear that the effect of Section 253.003(a) is to criminalize the making of a political contribution which knowingly causes a violation of any other provision of Chapter 253 of the Election Code, including Section 253.033. When enacting a statute, the legislature is presumed to have intended that there be compliance with the Federal and State Constitutions, that the entire statute is intended to be effective, that a just and reasonable result is intended, and that the public interest is favored over any private interest. *Robinson v. State,* 764 S.W.2d 367 (Tex.App.—Dallas 1989, pet. ref'd) *See also* TEX.GOV'T.CODE ANN. §§ 311.021, 311.023. Although the Code is somewhat inartfully worded, the legislative intent is clear, and its directive must be upheld.

There is no merit to appellant's contention that he was unaware of this statute prior to his violation of it. The evidence shows that appellant is an attorney, a frequent political contributor, and a former political candidate. Section 253.003 had been in effect for more than a year when the offense occurred. It is no defense that the actor was ignorant of the provisions of any law after that law has taken effect. TEX.PENAL CODE ANN. § 8.03(a). Points of error one and two are overruled.

The judgment of the trial court is affirmed.

ELLIS, Justice, dissenting.

Finding myself in disagreement with the majority members of the panel, I record my respectful dissent. I would find that the Election Code does not clearly state that the *giving* of a political contribution, in one reporting period, in cash, in excess of one hundred dollars ($100) is a crime; therefore, it is unconstitutionally vague. I would order the trial court to enter an order dismissing the indictment.

This is an appeal from a conviction for making a political contribution in one reporting period, in cash, to an office holder in excess of $100.00 for which appellant received a $250.00 fine.

In his first point of error, appellant asserts the court erred in failing to grant his Motion to Quash the indictment charging him with knowingly making a contribution in cash to an office holder in excess of one hundred dollars in a reporting period. Appellant contends no specific statute clearly and expressly prohibits such a contribution and thus the statute is unconstitutionally vague. In his second point of error, appellant submits the court erred in failing to grant his Motion to Quash the indictment because knowingly making a cash contribution to an office holder in excess of $100.00 is not an offense under the laws of Texas.

The indictment in this case was derived by combining two sections of the *Election Code,* to wit, Sec. 253.003(a) and Sec. 253.033 (Vernon Supp.1990). Section 253.003 of the *Election Code* provides in part: "(a) A person may not knowingly make a political contribution in violation of this chapter ..." Section 253.033 of the *Election Code* provides, in part: "A candidate, office holder, or specific-purpose committee may not knowingly *accept* from a contributor in a reporting period political contributions in cash that in the aggregate exceed $100.00 ..."

Nowhere in either section of the Texas Election Code is it clearly stated that the *giving* of a contribution in excess of $100.00 cash constitutes a violation of the statute. There is no express prohibition in the Election Code against an individual donating to a candidate for office a sum in cash exceeding $100.00.

The Legislative history of the attempt by the State to regulate political campaigning as it relates to this matter is summarized as follows:

1) Title 50, Revised Civil Statutes of 1925, contained no prohibition against a cash contribution to a candidate exceeding $100.00.

2) The Texas Election Code of 1951 was enacted by the 52nd Legislature, Ch. 492, and that particular Election Code contained Sections 14.03(a) and 14.03(b).

Section 14.03(a) prohibited the *giving* of a "single political contribution in cash that exceeded $100.00" to a candidate. The latter section prohibited the *receipt* of a similar contribution.

3) In 1975, the 64th Legislature repealed Article 14.03 along with several other articles, and it ceased to be a criminal violation to give or receive a cash contribution exceeding $100.00 to a candidate after 1975.

4) The Legislature, in 1981, apparently realized that there was no prohibition against a candidate *receiving* cash contributions up to any sum, amended Article 14.01, known earlier as Section 237(a) of the Texas Election Code, and made it "Unlawful for a person except a general purpose political committee to *accept* a single contribution from a person in the form of cash that exceeds $100.00." The 67th Legislature did not make it an offense to *give* a cash contribution in excess of $100.00, but rather only to *receive* such a contribution.

5) In 1985, the 69th Legislature, Chapter 211, Section 8, effective January 1, 1986, transferred to the *Election Code*, Sections 14.01 to 14.07c, and in the "transfer", renumbered these sections 251.001 and 251.014.

In the transfer, the prohibition involving a cash contribution was and is still located in 251.004, wherein it is made "unlawful for a person except a general purpose political committee to *accept* a single contribution from a person in the form of cash that exceeds $100.00."

6) Subsequently, in 1987, the 70th Legislature enacted Section 253, entitled "Restrictions on Contributions and Expenditures". In this section several redundant articles are found that duplicate restrictions and requirements found in other portions of the Election Code. Essentially, the 70th Legislature provided in Section 253.033 that "a candidate, office holder or specific/purpose committee may not knowingly *accept* from a contributor in a reporting period political contributions in cash that exceed $100.00."

In moving this prohibition from § 251.004 to § 253.033, the Legislature did not expressly adopt the old language of Article 14.03(a), prohibiting the *making* of a contribution, but rather only made it an offense to *receive* a cash contribution in excess of $100.00. The only other modification was the addition of the requirement that in each reporting period a candidate may receive up to $100.00 in cash.

By adding the exceptions covering each reporting period, it is apparent why the Legislature did not make it an offense for an individual to give more than $100.00 in cash in such time frames. Since there are potentially six or eight different reporting periods for each candidate, depending on whether the candidate is opposed or unopposed, an incumbent or non-incumbent, it would be impossible for a contributor to know when each reporting period commenced and ended for each candidate.

It was the purpose and intent of the Legislature to clearly place the burden of conducting campaign financing in a fair and equitable manner on the candidate and not attempt to pass this burden onto the general public.

To infer criminal liability when no clear and specific prohibition exists violates the foundation of our law. A statute which "either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application," fails to meet the standards required by due process of law. *Connally v. General Construction Co.*, 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926).

Art. I Sec. 10 of the Texas Constitution (Vernon 1955) provides that the accused shall have the right to know the nature of the accusation against him; Art. I Sec. 19 of the Texas Constitution (Vernon 1955) provides that no citizen of this State shall be deprived of life liberty, property, privileges or immunities, except by the due course of the law of the land. The Fourteenth Amendment to the United States

Constitution provides that no state may deny a person life, liberty or property without due process of law.

Texas courts have consistently followed the rule laid down by the Supreme Court of the United States that "a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must guess as to its meaning and differ as to its application lacks the first essential of due process of law." *Ex parte Chernosky*, 153 TEX.CR.R. 52; 217 S.W.2d 673 (1949); See *Ex parte Wilmoth*, 125 TEX.CR.R. 274; 67 S.W.2d 289 (1933); *State v. Shoppers World, Inc.*, 380 S.W.2d 107 (Tex.1964).

I find that there is no statute that clearly and specifically forbids the action of the State. Therefore, the indictment is unconstitutionally vague and the conduct alleged is not an offense under the Penal Statutes of the State of Texas. Accordingly, the trial court erred in not granting the Motion to Quash the indictment.

I would sustain appellant's points of error one and two and order the trial court to enter an order dismissing the indictment.