Donald Peter **FOGO**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 323–90.

Court of Criminal Appeals of Texas, En Banc.

April 15, 1992.

Rehearing Denied June 3, 1992.

Brian J. Fisher, Houston, Don Smith, Baytown, Ed Wheeler, Pasadena, for appellant.

John B. Holmes, Jr., Dist. Atty. and Winston E. Cochran, Jr. and Terry Wilson, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

The Harris County grand jury indicted appellant, Donald Peter Fogo, for "knowingly mak[ing] a political contribution in cash [on October 12, 1988] to ... a candidate and officeholder, that exceeded one hundred dollars in aggregate amount in a reporting period." Shortly after he was indicted, appellant filed a pretrial motion to quash the indictment, pursuant to Tex.Code Crim.Proc. art. 27.08(1), on the ground the indictment failed to allege an offense against a valid penal law of this state. The trial court, after a hearing, overruled the motion. Thereafter, the trial court found appellant guilty as charged and assessed his punishment at a fine of $250. A panel of the Fourteenth Court of Appeals, with one justice dissenting, affirmed appellant's conviction. *Fogo v. State*, 786 S.W.2d 777 (Tex.App.—Houston [14th Dist.] 1990). We granted appellant's petition for discretionary review, pursuant to Tex.R.App.P. 200(c)(5), to determine whether the court of appeals erred in holding that the trial court properly refused to quash the indictment. We will reverse the judgment of the court of appeals.

Appellant and the State agree that the only statutory provisions that could possibly support appellant's conviction are Texas Election Code §§ 253.003 and 253.033, which provide in relevant part:

§ 253.003 (a) A person may not knowingly make a political contribution *in violation of this chapter.*

(b) A person may not knowingly accept a political contribution the person knows to have been made in violation of this chapter.

(c) ... [A] person who violates this section commits an offense. An offense under this section is a Class A misdemeanor.

§ 253.033 (a) A candidate, officeholder, or specific-purpose committee may not knowingly *accept* from a contributor in a reporting period political contributions in cash that in the aggregate exceed $100.

(b) A person who violates this section commits an offense. An offense under this section is a Class A misdemeanor. (Emphasis added.)

In his petition for discretionary review, appellant argues, among other things, that (1) the conduct charged in the indictment was not an offense under the Election Code sections relied upon by the State, and (2) if it was the intent of the Legislature, in enacting those sections, to criminalize the conduct charged, then those sections, as applied, are so indefinite as to violate the due process of law and due course of law clauses of the United States and Texas constitutions.

The State argues in response that the "obvious" effect of the "clear" language of § 253.003(a) is "to criminalize the *making* of a political contribution which *knowingly causes* a violation of any other provision [such as § 253.033(a)] of Chapter 253 of the Election Code." (Emphasis added.) The State argues in the alternative that if the charged conduct was not an offense under § 253.003(a), then the trial court still could have determined that the charged conduct was criminal under § 253.033(a) via the law of parties.[1]

The court of appeals' majority agreed with the State's interpretation of § 253.-003(a), although they conceded that that

section is "somewhat inartfully worded." *Fogo v. State*, 786 S.W.2d at 779. The majority apparently found it unnecessary to consider the State's law of parties theory. The dissenting justice concluded that "the conduct alleged [in the indictment] is not an offense" under the penal laws of this state because "there is no statute that clearly and specifically forbids" that conduct. Id. at 781.

As appellant's arguments suggest, a case such as this presents a court with two questions: First, did the Legislature intend, in enacting the statute in issue, to criminalize the conduct charged? Second, if it was the Legislature's intent to criminalize the conduct charged, is the statute, either on its face or as applied, nonetheless so indefinite that it fails to provide adequate notice of what conduct is forbidden?

The question whether the Legislature intended to criminalize appellant's conduct under § 253.003(a) is, of course, a question of statutory interpretation. We begin our inquiry, then, with the literal language of § 253.003(a) and attempt to determine its fair, objective meaning at the time of its enactment.

■ Section 253.003(a) states that a person commits an offense if he "knowingly make[s] a political contribution in violation of this chapter." Contrary to the State's argument, that section does not literally criminalize political contribution-making that one knows will "cause" other persons to violate other sections of Chapter 253. The phrase "knowingly causes a violation of," or words equivalent thereto, appear nowhere in § 253.003(a). Although it is conceivable that someone might interpret § 253.003(a) in the manner suggested by the State, in our view legislators reading that language in a common-sense manner would not have so interpreted it. Rather,

---

1. Texas Penal Code § 7.02 provides in relevant part:

(a) A person is criminally responsible for an offense committed by the conduct of another if:

   *    *    *    *    *    *

(2) acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense[.]

we believe that most legislators probably interpreted that language to criminalize only that political contribution-making that is expressly prohibited by other sections in Chapter 253. See §§ 253.001, 253.031, 253.-034, 253.037, 253.096, and 253.101. Thus, one must look elsewhere in Chapter 253 to determine under what circumstances it is unlawful, under § 253.003(a), to *make* political contributions.

■ The State argues that § 253.033(a) *is* another section of Chapter 253 that states a circumstance under which it is unlawful, under § 253.003(a), to make political contributions. But § 253.033(a) says absolutely nothing about the making of political contributions; rather, it is explicitly concerned only with the *acceptance* of political contributions. We conclude, therefore, that the plain language of §§ 253.-003(a) and 253.033(a) does not criminalize the behavior of which appellant was found guilty. A legislator reading those sections in a common-sense manner before voting on them would very probably have concluded that they placed potential criminal liability on those who run political campaigns and not on those who, sometimes naively, contribute to them.

Assuming arguendo that the language of § 253.003(a) is, in context, ambiguous, a consideration of extratextual factors still leads us to conclude that the interpretation suggested by the State is not a sensible one.[2] First, such an interpretation would criminalize behavior that the Legislature, in enacting § 253.033, apparently intended *not* to criminalize. That is to say, if the Legislature intended to criminalize the type of behavior engaged in by appellant, it could easily have done so explicitly in § 253.033. The fact the Legislature did not

do so is persuasive evidence of its true intent.

■ Second, the interpretation of § 253.003(a) suggested by the State would certainly render that section unconstitutionally vague as applied to appellant's case. The United States Supreme Court and this Court have both long recognized that the due process of law and due course of law[3] clauses forbid penal laws that do not give reasonably clear notice, to the public and to law enforcement officials, of what behavior is being criminalized. See *Kolender v. Lawson*, 461 U.S. 352, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983); *Grayned v. City of Rockford*, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972); *Bynum v. State*, 767 S.W.2d 769 (Tex.Cr.App.1989); *Ex parte Chernosky*, 153 Tex.Crim. 52, 217 S.W.2d 673 (Tex.Cr.App.1949). Consistent with fundamental fairness, the Legislature must speak with reasonable clarity when marking the boundaries of criminal conduct. As presently written, § 253.003(a) does not give reasonably clear notice that appellant's alleged conduct is prohibited. A person in appellant's position—even a person with legal training—is left to speculate as to whether he may engage in the conduct in question.

■ We are similarly unpersuaded by the State's argument concerning the law of parties. Although the plain language of Texas Penal Code § 7.02 is sweeping, an application of that language to the facts of this case would lead to a result that is so unlikely the Legislature could not have intended it. That is, an application of the law of parties to these facts would lead to the criminalization of conduct which, as we have already concluded, the Legislature apparently intended *not* to criminalize.[4]

---

**2.** Our research has revealed no legislative history that might shed light on the Legislature's intent in enacting § 253.003(a).

**3.** The original understanding of the due course of law guarantee was that it was essentially synonymous with the due process of law guarantee. See T. Cooley, *Constitutional Limitations* 353 (1868).

**4.** Professors LaFave and Scott have observed that "[an] exception [to the general principle

that a person who assists or encourages a crime is also guilty as a party] is where the crime is so defined that participation by another is inevitably incident to its commission. It is justified on the ground that the legislature, by specifying the kind of individual who was guilty when involved in a transaction necessarily involving two or more parties, must have intended to leave the participation by the others unpunished." 2 LaFave & Scott, *Substantive Criminal Law* § 6.8 at 165 (1986).

Because the conduct charged was not an offense against the penal laws of this state, the trial court erred in refusing to quash the indictment. The judgment of the court of appeals is therefore reversed and the cause remanded to the trial court with instructions to dismiss the indictment.