**Debra Ann COLLINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–93–00404–CR.**

Court of Appeals of Texas, El Paso.

Dec. 22, 1994.

Roy E. Greenwood, Austin, for appellant.

David P. Weeks, Crim. Dist. Atty., Huntsville, for State.

Before BARAJAS, C.J., and LARSEN and McCOLLUM, JJ.

## OPINION

McCOLLUM, Justice.

This is an appeal from a conviction for the offense of reckless injury to a child, a misdemeanor. Pursuant to a plea bargain, Appellant waived a jury trial and entered a plea of *nolo contendere* before the trial court. The court found Appellant guilty and assessed her punishment, in accordance with the plea bargain, at confinement for one year in the county jail. We reverse.

### Nature of the Case

This is a test case. In this case, we must determine whether Texas' injury to a child statute permits the prosecution of a woman for conduct committed while pregnant which causes injury to her subsequently-born child. *See* Acts 1991, 72nd Leg., R.S., ch. 497, § 1, 1991 Tex.Gen.Laws 1742–43, *amended by*

Acts 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex.Gen.Laws 3586, 3622–23 (former TEX.PENAL CODE § 22.04).[1] Although many other states have addressed the issue of criminalizing a mother's prenatal conduct and have concluded that their laws do not support such a prosecution, the case before this Court is one of first impression in Texas. *See e.g., Johnson v. State,* 602 So.2d 1288 (Fla.1992) (mother not subject to prosecution under statute prohibiting delivery of controlled substance to minor for transferring cocaine through umbilical cord after birth but before cutting cord); *State v. Gray,* 62 Ohio St.3d 514, 584 N.E.2d 710 (1992) (parent may not be prosecuted for child endangerment for substance abuse occurring before birth of the child); *State v. Luster,* 204 Ga.App. 156, 419 S.E.2d 32 (1992) (statute proscribing delivery of cocaine did not encompass transmission of cocaine metabolites to a fetus that occurred when pregnant woman ingested cocaine because fetus was not a "person"); *State v. Gethers,* 585 So.2d 1140 (Fla. 4th Dist.App. 1991) (child abuse statute did not reach unborn fetus; defendant could not be prosecuted thereunder for ingesting cocaine during gestation period of unborn child).

The facts are undisputed. Appellant, a cocaine addict, smoked crack cocaine while she was pregnant, thereby causing her unborn child to be placed in a state of addiction. After his birth, the child suffered pain from cocaine withdrawal. In a multi-paragraph indictment, the State alleged that Appellant committed injury to a child by introducing cocaine into the body of J.M.A., Jr., a child, on or about November 2, 1991.[2] The date alleged is the child's date of birth. Asserting numerous constitutional and statutory arguments, Appellant moved to quash the indict-

---

1. Appellant was prosecuted under the former version of the Texas Penal Code, and in particular, Section 22.04, which were amended effective September 1, 1994. The amended version of this statute is now found at TEX.PENAL CODE ANN. § 22.04 (Vernon 1994). All references hereinafter to Section 22.04 refer to the former version unless noted otherwise.

2. The original indictment alleged injury to a child under former Section 22.04(a)(1), (a)(2), and (a)(4). Four of the seven paragraphs alleged that her conduct was committed intentionally and knowingly, while three of the paragraphs alleged a reckless mental state. As such, the indictment stated three first-degree felonies and four third-degree felonies under former Sections 22.04(e), (f).

ment because the conduct for which she was being prosecuted was committed while the victim was *in utero*. Appellant reasoned that because a fetus is not a "child" under Texas law, her prenatal conduct could not constitute a crime. Thereafter, the State moved to amend the indictment on two occasions, the second of which took place on the day of trial.[3] The trial court granted both motions to amend, but never made the proposed changes to the face of the indictment by physical alteration.

Immediately following the purported second amendment of the indictment, Appellant filed a supplemental motion to quash in which she reiterated the grounds she had raised previously as well as new grounds. After a hearing, the trial court orally denied the supplemental motion to quash. The court then granted the State's motion to proceed on the lesser-included offense of recklessly causing injury to a child, and Appellant entered her plea of *nolo contendere* to that charge. The trial court found Appellant guilty, followed the plea bargain, and assessed Appellant's punishment at confinement for one year in the county jail.

### Discussion

Appellant attacks her conviction by nine points of error. In the first eight points, she challenges the constitutionality of Section 22.04 of the Penal Code and her prosecution thereunder. In Point of Error No. Nine, she contends that the trial court erred in overruling her motion to quash the "supplemental amended indictment". Appellate courts should not address the constitutionality of a statute unless absolutely necessary. *Turner v. State,* 754 S.W.2d 668, 675 (Tex.Crim.App.1988). If an appellant raises several points of error, some of which challenge the constitutionality of a statute, the

reviewing court should first resolve the nonconstitutional points and if a reversal is required, the points raising issues of the statute's constitutionality should not be addressed. *Turner,* 754 S.W.2d at 675. Accordingly, we will address the ninth point of error first.

In her final point of error, Appellant contends that the supplemental amended indictment failed to state an offense. She admits that the purported amendments of the indictment were not done by physical interlineation, but argues that her point of error concerning the supplemental amended indictment is reviewable because she expressly waived all complaints with regard to the amendment. Despite Appellant's agreement to the procedure, we find that the trial court's order granting the proposed amendment was ineffective to amend the indictment because the proposed changes were never made to the face of the indictment. *See Ward v. State,* 829 S.W.2d 787, 793–95 (Tex. Crim.App.1992); TEX.CODE CRIM.PROC.ANN. art. 28.10 (Vernon 1989). In the absence of an effective amendment, the original indictment controls. *Lopez v. State,* 846 S.W.2d 90, 94 (Tex.App.—Corpus Christi 1992, pet. ref'd); *see Ward,* 829 S.W.2d at 795. Because Appellant's complaint on appeal addresses error concerning only the supplemental amended indictment, it presents nothing for review. Point of Error No. Nine is overruled.

In Points of Error Nos. One and Two, Appellant contends that Section 22.04, as applied to her conduct, is so vague and indefinite as to violate the due process and due course of law clauses of the United States and Texas Constitutions because she did not have notice that her conduct was prohibited. *See* U.S. CONST. amend. XIV; TEX.CONST. art.

---

**3.** Attached to the State's second motion to amend is a document entitled "Supplemental Amended Indictment" which alleged in a single paragraph that Appellant, on or about November 2, 1991, did then and there: intentionally and knowingly cause injury to a child under 15 years of age, namely J.M.A., Jr., by committing the following act or acts, to-wit: that Debra Ann

Collins, did, while pregnant and having a fetus *in utero,* voluntarily introduced into her body a controlled substance, namely, cocaine, and that such voluntary use of cocaine during pregnancy caused bodily injury, to-wit: pain from withdrawal from the effects of cocaine after birth to the child, J.M.A., Jr., after said child was subsequently born and became alive.

1, § 19. The application of Section 22.04 to the facts in this case presents the question of whether Appellant had notice that her voluntary ingestion of cocaine while pregnant could subject her to prosecution after her child was born exhibiting symptoms of cocaine withdrawal. The United States Supreme Court and the courts of this state have long recognized that the due process and due course of law clauses forbid penal laws that do not give reasonably clear notice to the public and to law enforcement officials of what behavior is being criminalized. *Fogo v. State,* 830 S.W.2d 592, 595 (Tex.Crim.App. 1992), *citing Kolender v. Lawson,* 461 U.S. 352, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983); *Grayned v. City of Rockford,* 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972); *Bynum v. State,* 767 S.W.2d 769 (Tex.Crim.App.1989); *Ex parte Chernosky,* 153 Tex.Crim. 52, 217 S.W.2d 673 (1949). The void for vagueness doctrine requires "that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson,* 461 U.S. at 357, 103 S.Ct. at 1858. Consistent with fundamental fairness, the Legislature must speak with reasonable clarity when marking the boundaries of criminal conduct. *Fogo,* 830 S.W.2d at 595.

In examining a criminal statute for vagueness, a reviewing court should ignore engaging in a mere rhetorical critique and instead focus the examination upon a concept of fairness. *Bynum,* 767 S.W.2d at 773. In other words, initially the inquiry must be whether the ordinary, law-abiding individual would have received sufficient information that his or her conduct risked violating a criminal law. *Bynum,* 767 S.W.2d at 773; *see Grayned v. City of Rockford,* 408 U.S. at 108–09, 92 S.Ct. at 2298–99, 33 L.Ed.2d at 227–28. If no First Amendment rights are involved, the reviewing court need only scrutinize the statute to determine whether it is impermissibly vague as applied to the challenging party's conduct. *Bynum,* 767 S.W.2d at 773–74.

The State argues, in part, that Section 22.04 is not vague because Appellant could have reasonably foreseen the results of smoking crack cocaine during her pregnancy; namely, giving birth to a child suffering symptoms of cocaine withdrawal. This argument is unpersuasive because the question of whether the result of particular conduct is reasonably foreseeable by the actor is separate and distinct from the inquiry which concerns us in this case, that is, whether the actor had notice that her conduct was subject to criminal prosecution under Section 22.04. The State also argues that the statute is not vague as applied for the following additional reasons: (1) there is precedent in Texas for punishing prenatal conduct; and (2) there is a growing trend in family law for punishing prenatal conduct. The State cites the following cases in support of its argument: *Leal v. C.C. Pitts Sand & Gravel, Inc.,* 419 S.W.2d 820 (Tex.1967) (viable infant born alive would have cause of action for prenatal injuries sustained in auto accident had infant survived); *Nelson v. Galveston H. & S.A. Railway Co.,* 78 Tex. 621, 14 S.W. 1021 (1890) (child had cause of action for wrongful death even though child was a fetus at time father killed); *Vanessa W. v. Texas Department of Human Services,* 810 S.W.2d 744 (Tex. App.—Dallas 1991) (evidence sufficient to support involuntary termination of mother's parental rights where jury heard evidence about mother's illegal behavior, emotional illness, substance abuse, and dysfunctional parent-child relationships, and mother acknowledged using drugs during last week of her pregnancy), *rev'd on other grounds,* 817 S.W.2d 62 (Tex.1991). The State fails to explain, and we are unable to discern how these cases, none of which involve a criminal prosecution for prenatal conduct or a vagueness challenge to a criminal statute, are applicable to our determination of whether Appellant had notice that her conduct was subject to prosecution under Section 22.04.

Significantly, the Penal Code does not proscribe any conduct with respect to a fetus, and the Legislature, by its definitions of "child", "person", and "individual", has spe-

cifically limited the application of our penal laws to conduct committed against a human being who has been born and is alive. *See* Acts 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex.Gen.Laws 3586, 3589, 3622 [former TEX.PENAL CODE § 1.07(17) ("Individual" means a human being who has been born and is alive); former TEX.PENAL CODE § 1.07(27) ("Person" means an individual, corporation, or association); former TEX.PENAL CODE § 22.04(c)(1) ("Child" means a person 14 years of age or younger) ].[4] Nevertheless, the State argues that Appellant may be prosecuted under Section 22.04 because, regardless of the victim's legal status when Appellant's conduct took place, the *injury* alleged in the indictment, namely, pain from cocaine withdrawal, did not occur until after the child was born alive. Thus, under the State's interpretation of Section 22.04, Appellant is subject to prosecution, even though her *conduct* was not an offense at the time it was committed, because the *result* of her conduct did not occur until after the child was born and became a person under Texas law.

■■■ While the State's attempt to bring Appellant's conduct within the reach of Section 22.04 is creative, it ignores the fact that Appellant's conduct was not a crime when committed. Under Texas law, the elements of a criminal offense are: (1) the forbidden conduct, (2) the required culpability, (3) any required result, and (4) the negation of any exception to the offense. *See* Acts 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex.Gen. Laws 3586, 3589 [former TEX.PENAL CODE § 1.07(13) ].[5] It is the stated purpose of the Penal Code to proscribe certain types of harmful *conduct*, not simply the *results* of conduct. *See* Acts 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex.Gen.Laws 3586, 3587–88, 3592 [former TEX.PENAL CODE §§ 1.02, 1.03, 1.07(8), 6.01(a) ].[6] While injury to a child is a "result of conduct" or "specific

result" offense, this does not mean that the actor is prosecuted for the result of the conduct, rather than the conduct itself. *See Alvarado v. State,* 704 S.W.2d 36, 39 (Tex. Crim.App.1985); *Beggs. v. State,* 597 S.W.2d 375 (Tex.Crim.App.1980). Instead, this means that the conduct must be done with the required culpability to effect the result the Legislature has specified, so that the culpable mental state relates to the result of the defendant's conduct, and not to the nature of the conduct. *See Alvarado,* 704 S.W.2d at 39. The fact remains that the actor is prosecuted for her conduct.

■■■ In that same vein, the actor must have notice that her *conduct* risked violating a penal statute. Quite clearly, Appellant could not be prosecuted under our current laws for ingesting cocaine while pregnant even if it caused the fetus to suffer pain or impairment. Likewise, she could not be prosecuted for placing her unborn child in a state of addiction, even if that caused the fetus pain or impairment while *in utero.* We are unable to find anything in the language of Section 22.04, or elsewhere in the Penal Code, which gives Appellant sufficient information that this same conduct risked violating Section 22.04 if it were to eventually result in withdrawal pain after the child was born. Accordingly, we hold that Section 22.04 is impermissibly vague as applied to Appellant's conduct. Points of Error Nos. One and Two are sustained. Because of our resolution of these points of error, it is unnecessary for us to address the remaining contentions.

Having sustained Points of Error Nos. One and Two, the judgment of the trial court is reversed, and the cause is remanded to the trial court with instructions to dismiss the indictment.

---

4. The definitions of "individual", "person", and "child" are the same in both the former and current versions of the Penal Code, and are now found at TEX.PENAL CODE ANN. § 1.07(26), (38) (Vernon 1994), and TEX.PENAL CODE ANN. § 22.04(c)(1) (Vernon 1994), respectively.

5. This provision is now found at TEX.PENAL CODE ANN. § 1.07(22) (Vernon 1994).

6. These provisions are now found at TEX.PENAL CODE ANN. §§ 1.02, 1.03, 1.07(10), 6.01(a) (Vernon 1994). The 1994 amendment did not change the substantive language of any of these provisions.