**Columbus Earl JOHNSON, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–04–419–CR.**

Court of Appeals of Texas,
Fort Worth.

March 30, 2006.

Donald S. Gandy, Fort Worth, for Appellant.

Tim Curry, Criminal District Atty., Charles M. Mallin, Chief, Appellate Division, Danielle A. Legault, Robert Foran and Amy Collum, Asst. Dist. Attys. for Tarrant County, Fort Worth, for Appellee.

Panel A: DAUPHINOT, GARDNER, and McCOY, JJ.

## OPINION

ANNE GARDNER, Justice.

### I. INTRODUCTION

Appellant Columbus Earl Johnson appeals his sentence of twenty-seven years' confinement for aggravated sexual assault of a child under fourteen years of age. In his sole point, Appellant contends that the trial court erred in admitting an audiotape recording into evidence because the State's notice of intent to introduce such evidence was not timely filed pursuant to Texas Rule of Evidence 404(b) and Texas Code of Criminal Procedure article 38.37. We affirm.

### II. BACKGROUND

On May 24, 2003, Gloria Nelson and her two young children, daughter A.N. and son K.S.N., went to Gloria's older daughter Jamila's home to visit. Appellant, Gloria's nephew, was living at Jamila's home at the time. Late that evening, Gloria decided to go home but allowed A.N. and K.S.N. to spend the night at Jamila's house with her children. Jamila had also gone out for the evening, leaving Appellant alone with the children.

A.N., who was ten years old at the time of trial, testified that during the night she and Appellant were watching television when he kissed her on the arm and then inserted his finger into her vagina. A.N. tried to call her mother after the incident but was only able to reach her answering machine. The next morning, Gloria picked up A.N. from Jamila's house and took her to the flea market where she worked. Gloria testified that A.N. appeared listless and unusually quiet. When she asked A.N. if she was okay, A.N. told her mother what Appellant had done.

A jury convicted Appellant of aggravated sexual assault of a child and assessed his punishment at twenty-seven years' confinement. The trial judge entered judgment accordingly. Appellant filed this appeal.

### III. STANDARD OF REVIEW

In determining whether a trial court erred in admitting evidence, the standard for review is abuse of discretion. *McDonald v. State*, 179 S.W.3d 571, 576 (Tex.Crim.App.2005). Thus, as long as the trial court's ruling was at least within the zone within which reasonable persons might disagree, the appellate court will not intercede. *See id.*; *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Crim.App.1991) (op. on reh'g). Moreover, a trial court's decision regarding admissibility of evidence will be sustained if correct on any theory of law applicable to the case. *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim.App.1990).

### IV. ANALYSIS

As previously stated, Appellant contends in his sole point that the trial court erred in admitting an audiotape recording into evidence because the State's notice of intent to introduce such evidence was not timely filed pursuant to Texas Rule of Evidence 404(b) and Texas Code of Criminal Procedure article 38.37. The

State responds that "[n]othing in the recording proves, alleges, or even insinuates any additional act of misconduct committed by Appellant."

 Texas Rule of Evidence 404(b)[1] and Texas Code of Criminal Procedure article 38.37[2] only apply when the State intends to introduce evidence of other crimes, wrongs, or acts (extraneous offenses). *See* Tex.Code Crim. Proc. Ann. art. 38.37; Tex.R. Evid. 404(b); *see also Castillo v. State*, 59 S.W.3d 357, 361–62 (Tex.App.-Dallas 2001, pet. ref'd) (stating that because testimony was not about any extraneous act, wrong, or crime, rule 404(b) was not implicated). An extraneous offense is defined as any act of misconduct, whether prosecuted or not, that is not shown in the charging papers. *Manning v. State*, 114 S.W.3d 922, 926 (Tex.Crim. App.2003); *Rankin v. State*, 953 S.W.2d 740, 741 (Tex.Crim.App.1996). To constitute an extraneous offense, the evidence must show a crime or bad act, and that the defendant was connected to it. *Lockhart v. State*, 847 S.W.2d 568, 573 (Tex.Crim. App.1992), *cert. denied,* 510 U.S. 849, 114 S.Ct. 146, 126 L.Ed.2d 108 (1993); *see* Tex.Code Crim. Proc. Ann. art. 38.37; Tex.R. Evid. 404(b).

Here, the audiotape recording is of the message left by A.N. for her mother on the night of the alleged assault. We have listened to the audiotape, on which A.N. can be heard crying while in the background Appellant can be heard talking to her. However, what Appellant actually says to A.N. is virtually incomprehensible to us. And even though, as previously stated, the recording is of the message left by A.N. for her mother on the night of the alleged assault, A.N. does not say anything to her mother in the message. Consequently, we are unable to identify any evidence of an extraneous offense or bad act on the audiotape. Furthermore, Appellant states in his brief that "[t]he recording depicts the victim as crying with the Appellant being heard in the background trying to console the victim and telling her to go back to bed." This clearly does not constitute any evidence of an extraneous offense or bad act. Therefore, we hold that the State was not required to give notice concerning the evidence. *See* Tex.Code Crim. Proc. Ann. art. 38.37; Tex.R. Evid. 404(b); *see also Castillo*, 59 S.W.3d at 361–62. And the trial judge did not err in admitting the recording into evidence. We overrule Appellant's sole point.

1. Texas Rule of Evidence 404(b) states:
 Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon timely request by the accused in a criminal case, reasonable notice is given in advance of trial of intent to introduce in the State's case-in-chief such evidence other than that arising in the same transaction.
 Tex.R. Evid. 404(b).

2. Texas Code of Criminal Procedure article 38.37 provides:

 Sec. 2. Notwithstanding Rules 404 and 405, Texas Rules of Evidence, evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense shall be admitted for its bearing on relevant matters.... Sec. 3. On timely request by the defendant, the state shall give the defendant notice of the state's intent to introduce in the case in chief evidence described by Section 2 in the same manner as the state is required to give notice under Rule 404(b), Texas Rules of Evidence.
 Tex.Code Crim. Proc. Ann. art. 38.37 (Vernon Supp.2005).

## V. CONCLUSION

Having overruled Appellant's sole point, we affirm the trial court's judgment.