

# IN THE
# TENTH COURT OF APPEALS

### No. 10-08-00261-CR

**DARRELL WILSON JONES,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 85th District Court
### Brazos County, Texas
### Trial Court No. 07-05134-CRF-85

## MEMORANDUM OPINION

Darrell Wilson Jones was convicted by a jury of two counts of the offense of Aggravated Sexual Assault of a Child. TEX. PEN. CODE. ANN. § 22.021(a)(2)(B) (Vernon 2003). Jones elected to have the trial court determine his sentence. After a punishment hearing, the trial court sentenced Jones to two (2) consecutive life terms in the Texas Department of Criminal Justice – Institutional Division as a repeat or habitual offender. TEX. PEN. CODE ANN. § 12.42 (Vernon 2003). Jones was at that time already on deferred adjudication community supervision for the offense of sexual assault of a child. Jones complains that the trial court erred in denying his motion for a directed verdict, that the

trial court abused its discretion in allowing the admittance of testimony, and that he received ineffective assistance of counsel. Because we find that Jones was not entitled to a directed verdict, that there was no abuse of discretion in the admission of the testimony, and that the record is insufficient to establish ineffective assistance of counsel, we affirm the judgment.

## *Directed Verdict*

Jones complains that the trial court erred in denying his motion for a directed verdict when the victim was unable to identify him in court as the perpetrator of the offense. We treat a denial of a motion for directed verdict as a challenge to the legal sufficiency of the evidence to support a conviction. *Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996). When conducting a legal-sufficiency review, we view the evidence in the light most favorable to the verdict to determine whether any rational fact finder could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979); *Lane v. State*, 151 S.W.3d 188, 191-92 (Tex. Crim. App. 2004). The jury is the exclusive judge of witness credibility, the determiner of the weight accorded to witness testimony, and the reconciler of conflicts in the evidence. *See Jones v. State*, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996). Further, all evidence, whether properly or improperly admitted, will be considered when reviewing the evidence for legal sufficiency. *See Lockhart v. Nelson*, 488 U.S. 33, 41-42, 109 S. Ct. 285, 102 L. Ed. 2d 265 (1988); *Johnson v. State*, 967 S.W.2d 410, 411 (Tex. Crim. App. 1998).

Identity may be proven by direct evidence, circumstantial evidence, or even inferences. *See Earls v. State*, 707 S.W.2d 82, 85 (Tex. Crim. App. 1986) (noting that victim's misidentification of juror as perpetrator at trial was not fatal where circumstantial evidence, including testimony of officer who arrested defendant at scene, pointed to the defendant as the perpetrator). Proof of the accused's identity through circumstantial evidence is not subject to a more rigorous standard than is proof by direct evidence, as both are equally probative. *McGee v. State*, 774 S.W.2d 229, 238 (Tex. Crim. App. 1989). The sufficiency of the evidence is then determined from the cumulative effect of all the evidence. *See Alexander v. State*, 740 S.W.2d 749, 758 (Tex. Crim. App. 1987).

The absence of an in-court identification is merely a factor for the jury to consider in assessing the weight and credibility of the witnesses' testimony. *See Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986) (even a total failure to identify the defendant on one occasion goes only to the weight to be given to the identification evidence). The victim had identified her perpetrator as the person she knew as "Uncle Darrell" at the time of her outcry. The victim was unable to identify Jones sitting in the courtroom at the trial as her perpetrator. However, the victim did identify the person she knew as "Uncle Darrell" when she was shown a photograph taken of Jones at the time of his arrest. The victim's mother and another witness identified Jones as the person the victim called "Uncle Darrell," and they also confirmed that the victim and her mother had resided with Jones during the times the victim asserted that the assaults took place. The photograph of Jones taken when he was arrested was later affirmatively identified

as being that of Jones through testimony of law enforcement. Using the above standards, we find that the trial court did not err in denying Jones's motion for directed verdict on this basis. We overrule Jones's issue one.

*Improper Admission of Testimony*

Jones complains that the trial court erred in allowing the testimony of a neighbor of Jones pursuant to Texas Rules of Evidence 401, 403, and 404(b). TEX. R. EVID. 401, 403, 404(b). The neighbor described conversations between Jones and herself when they discussed the fact that Jones preferred "new, young boobs" and that he preferred to perform oral sex over regular intercourse. Jones objected that the statements were not relevant, that the statements constituted impermissible character evidence, and that their probative value was substantially outweighed by the danger of unfair prejudice.

We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Oprean v. State*, 201 S.W.3d 724, 726 (Tex. Crim. App. 2006); *Burden v. State*, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001). An appellate court will not reverse a trial court's ruling unless that ruling falls outside the zone of reasonable disagreement. *Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003); *Burden*, 55 S.W.3d at 615.

*Texas Rule of Evidence 401*

Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." TEX. R. EVID. 401. Jones was accused of fondling the breast of his victim and of performing oral sex on the victim who was ten or eleven years old at the time of the offense.

Certainly, Jones's interest in "new, young boobs" and preference for oral sex tends to make the occurrence of these incidents more probable than it would be without the evidence. The evidence is relevant. However, not all evidence that is relevant is admissible. *Chaddock v. State*, 203 S.W.3d 916, 923 (Tex. App.—Dallas 2006, no pet.).

*Texas Rule of Evidence 404(b)*

To constitute an extraneous offense, the evidence must show a crime or bad act and must connect the defendant to it. *Lockhart v. State,* 847 S.W.2d 568, 573 (Tex. Crim. App. 1992); *Castillo v. State*, 59 S.W.3d 357, 361 (Tex. App.—Dallas 2001, pet. ref'd). The evidence must include some sort of extraneous conduct on behalf of the defendant that forms a part of the alleged extraneous offense. *Moreno v. State*, 858 S.W.2d 453, 463 (Tex. Crim. App. 1993). Statements concerning a defendant's thoughts of wrongdoing are merely inchoate thoughts and nothing more. *Id.* To implicate Rule 404(b), there must be actual conduct that alone or in combination with these thoughts could constitute a bad act, wrong, or crime. *Massey v. State*, 933 S.W.2d 141, 154 (Tex. Crim. App. 1996); *Moreno*, 858 S.W.2d at 463; *Castillo*, 59 S.W.3d at 361. Jones's statements about his preference for "new, young boobs" and his preference for performing oral sex over regular intercourse pertained to his thoughts and did not implicate any conduct on his part that would invoke Rule 404(b), and therefore Rule 404(b) does not apply to these objections. *See McGrath v. State*, No. 14-03-00510-CR, No. 14-03-00511-CR, No. 14-03-00512-CR, No. 14-03-00513-CR, 2004 Tex. App. LEXIS 8924 at *40 (Tex. App.—Houston [1st Dist.] October 7, 2004, pet ref'd.) (not designated for publication) (Rule 404(b) does

not apply to a statement by a defendant that he was attracted to thirteen and fourteen year old girls).

*Texas Rule of Evidence 403*

Rule 403 of the Texas Rules of Evidence provides as follows: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." TEX. R. EVID. 403. "Rule 403 favors admissibility of relevant evidence, and the presumption is that relevant evidence will be more probative than prejudicial." *Montgomery v. State*, 810 S.W.2d 372, 389 (Tex. Crim. App. 1990) (op. on reh'g).

Although the Texas Rules of Evidence are intentionally slanted toward the inclusion of all relevant evidence, Rule 403 gives the trial court considerable discretion to exclude evidence when it appears to that individual judge, in the context of that particular trial, to be insufficiently probative when measured against the countervailing factors specified in the rule. *Winegarner v. State*, 235 S.W.3d 787, 791 (Tex. Crim. App. 2007); *see Montgomery v. State*, 810 S.W.2d 372, 378-79 (Tex. Crim. App. 1991) (op. on orig. submission); 810 S.W.2d at 391-92 (op. on reh'g); *Johnson v. State*, 263 S.W.3d 405, 426-427 (Tex. App.—Waco 2008, pet. ref'd).

In a Rule 403 analysis, a trial court must balance (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5)

any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Gigliobianco v. State*, 210 S.W.3d 637, 641-42 (Tex. Crim. App. 2006); *see State v. Mechler*, 153 S.W.3d 435, 440 (Tex. Crim. App. 2005); *Montgomery*, 810 S.W.2d at 389-90 (op. on reh'g). "The rule gives the trial court considerable latitude to assess the courtroom dynamics, to judge the tone and tenor of the witness' testimony and its impact upon the jury, and to conduct the necessary balancing." *Winegarner*, 235 S.W.3d at 791.

Jones's statement that he liked "new, young boobs" and that he preferred oral sex over regular intercourse was highly probative of his motive, intent, and state of mind. In looking at the relevant criteria, Jones's admission was the primary evidence of his intent and state of mind, and, the State has a significant need for the evidence. Jones argues the statement was not probative because there was no description of how new or young he preferred breasts to be. Jones's distinction, however, does not decrease the probative value of his statements.

An extraneous sexual assault can certainly present the danger of the jury making a decision on an improper, emotional basis. *See Wheeler v. State*, 67 S.W.3d 879, 889 (Tex. Crim. App. 2002); *Montgomery,* 810 S.W.2d at 397 (op. on reh'g). But the presentation of the witness's testimony did not take such a great amount of time as to confuse or distract the jury from the main issue of the case. There is nothing to suggest that the jury was not equipped to evaluate the probative force of the evidence, the evidence was

not unduly lengthy, and it did not present unnecessary cumulative evidence. We find that the trial court's admission of the evidence is not outside of the zone of reasonable disagreement. Accordingly, we hold the trial court did not abuse its discretion in admitting Jones's statements into evidence. We overrule issue two.

*Ineffective Assistance of Counsel*

Jones complains that he received ineffective assistance of counsel due to his attorney's failure to call witnesses at Jones's punishment hearing who could testify to Jones's success on community supervision. Jones did not file a motion for new trial. To prevail on an ineffective-assistance claim, Jones must prove (1) counsel's representation fell below the objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's deficiency, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). In considering an ineffective-assistance claim, we indulge a strong presumption that counsel's actions fell within the wide range of reasonable professional behavior and were motivated by sound trial strategy. *Strickland*, 466 U.S. at 689; *Thompson*, 9 S.W.3d at 813; *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). To overcome this presumption, a claim of ineffective assistance must be firmly demonstrated in the record. *Thompson*, 9 S.W.3d at 814. In most cases, direct appeal is an inadequate vehicle for raising such a claim because the record is generally undeveloped and cannot adequately reflect the motives behind trial counsel's actions. *Rylander v. State*, 101 S.W.3d 107, 110-11 (Tex. Crim. App. 2003); *Thompson*, 9 S.W.3d at 813-14.

When the record is silent regarding trial counsel's strategy, we will not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *Robinson v. State*, 16 S.W.3d 808, 813 n. 7 (Tex. Crim. App. 2000). In rare cases, however, the record can be sufficient to prove that counsel's performance was deficient, despite the absence of affirmative evidence of counsel's reasoning or strategy. *Id*.

It is critical that the defendant obtain the necessary record in the trial court to rebut the *Strickland* presumption that counsel's conduct was strategic for purposes of appeal. *Thompson*, 9 S.W.3d at 814; *McCullough v. State*, 116 S.W.3d 86, 92 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd.). This kind of record is best developed in a hearing on a motion for new trial, or by an application for a writ of habeas corpus. *See Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998); *McCullough*, 116 S.W.3d at 92. Without evidence of the strategy and methods involved concerning counsel's actions at trial, the appellate court will presume sound trial strategy. *See Thompson*, 9 S.W.3d at 814. The record is silent as to any trial strategy by counsel. When the record is silent as to counsel's reason for failing to act in some manner, the appellant fails to rebut the presumption that counsel acted reasonably. *See Thompson*, 9 S.W.3d at 814. We overrule issue three.

*Conclusion*

We find that the trial court did not err in denying Jones's motion for directed verdict. We further find that the trial court did not abuse its discretion in allowing the

testimony regarding Jones's physical and sexual preferences. Finally, the record does not affirmatively establish that Jones received ineffective assistance of counsel. We affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Affirmed
Opinion delivered and filed November 18, 2009
Do not publish
[CRPM]