11th Court of Appeals
Eastland, Texas
Opinion
 
Samuel Joe Dela Rosa
            Appellant
Vs.      Nos. 11-03-00292-CR, 11-03-00293-CR, 11-03-00294-CR, & 11-03-00295-CR -- 
            Appeals from Coleman County

State of Texas
            Appellee
 
            In Cause No. 11-03-00292-CR, Samuel Joe Dela Rosa appeals from the trial court’s order
revoking his community supervision. Appellant was originally convicted of the offense of injury to
the elderly, and the trial court assessed punishment at 3 years confinement and a $500 fine. The trial
court suspended the imposition of the confinement portion of the sentence and placed appellant on
community supervision for 3 years. The trial court revoked appellant’s community supervision and
sentenced appellant to 3 years confinement and a $500 fine. In Cause No. 11-03-00293-CR, the jury
convicted appellant of aggravated kidnapping, and the trial court assessed appellant’s punishment
at 40 years confinement. In Cause No. 11-03-00294-CR, the jury convicted appellant of aggravated
assault, and the trial court assessed appellant’s punishment at 20 years confinement. In Cause No.
11-03-00295-CR, the jury convicted appellant of aggravated sexual assault, and the trial court
assessed appellant’s punishment at 40 years confinement. We affirm.
            There is no challenge to the sufficiency of the evidence. The victim testified that, after she
had ended a relationship with appellant, he knocked on her door late one night. Appellant told the
victim that he had come to say “goodbye.” Later that night, at appellant’s request, the victim and
her daughter drove appellant to his son’s house. Appellant then wanted to go back to the victim’s
house, and he said he would leave from there. The victim asked appellant to leave her house, but
appellant asked to stay a while longer. Appellant began to try and “hug and kiss” the victim. 
Appellant became angry when the victim would not respond to his affection. Appellant then asked
the victim to leave with him. When the victim did not agree, appellant showed the victim that he
had a knife and told her not to “make [appellant] have to resort to that.” The victim then left her
house with appellant. 
            The victim testified that appellant instructed her where to drive and when to stop the car.
Appellant then forced the victim to engage in sexual activity with him. Appellant told the victim that
“he was a danger” to her and that he “had come here to kill” her. Appellant held a knife to the
victim’s throat. Appellant removed the knife from the victim’s throat and told her that he was not
going to kill her but that he was going to “torture” her. Appellant took the knife and cut the victim’s
arm. Appellant tied the victim’s hands and feet, placed her in the car, and started driving. Appellant
drove to various places and towns with the victim. The victim eventually escaped from appellant
when he left her alone in the car. 
            In Cause No. 11-03-00292-CR, appellant complains in two issues on appeal that the trial
court erred in revoking his community supervision on the partial basis of admitting improper
evidence. In Cause Nos. 11-03-00293-CR, 11-03-00294-CR, and 11-03-00295-CR, appellant brings
four issues on appeal in which he complains that the trial court erred in admitting improper evidence,
in failing to include a limiting instruction in the charge, and in overruling appellant’s objection to
the State’s improper closing argument. 
            In his first issue on appeal in Cause No. 11-03-00292-CR, appellant complains that the trial
court erred in considering improper evidence to revoke his community supervision. In his first issue
on appeal in the other three cause numbers, appellant complains that the trial court erred in admitting
the same improper evidence. Appellant had written numerous letters to the victim, and the trial court
allowed the victim to read portions of the letters before the jury. The following are excerpts from
the letters read before the jury:
I do love you and it hurts me to think I won’t share your love anymore. I want you
to live happy forever instead of dying in fear. 
 
I love you, [the victim]. You better take that to heart. Wash away your sins or
forever burn in hell.
 
If you want freedom from me, it has to start somewhere. You won’t be able to
depend on the law. It has to be between you and I....One by one, my hurt will go
away. My torture, your laughter. My release of pain, your confidence and
unfaithfulness, your glory. My riddles, if you have read them in my past, will be my
savior. 
 
Don’t make things rough please. I’m forgiving the past right now....Be good. I’ll
find out....Laughter you think is the best medicine, huh? Wrong again. Pain. 
 
Not answering me means you’re making fun of me and laughing. I’ve told you this
over and over. Someone has sure gave you a lot of security. Enjoy yourself a lot. 
It won’t happen again. You’ve made a joke of me. I love you and you cheat and
laugh. I miss you more than I hate you right now. Don’t make me hate you anymore. 
You have a chance to clear up your wrongs right away. Please do so. Don’t be
disloyal to me or by any means betray me. You won’t get an answer. Don’t ask why. 
It’ll be so funny to me to be insane again. No harm, no fool. I think I’d rather be in
a pine box or a slow train back to Georgia or in the gray walls of a prison doing time. 
I think I’d rather die and face the devil than to live here with you and him together
on my mind. Your victory, I promise, is short lived, for my defeat and broken
heartedness will overcome with extreme of extremes till death do us part. 
 
 Appellant contends that the letters contain prior acts of misconduct and are inadmissible pursuant
to TEX.R.EVID. 404(b). Appellant further complains that the trial court did not properly conduct
a balancing test to determine if the probative value of the letters was outweighed by their prejudicial
effect. TEX.R.EVID. 403; Montgomery v. State, 810 S.W.2d 372 (Tex.Cr.App.1991). 
            To constitute an extraneous offense, the evidence must show a crime or bad act and must
connect the defendant to it. Lockhart v. State, 847 S.W.2d 568, 573 (Tex.Cr.App.1992); Castillo
v. State, 59 S.W.3d 357, 361 (Tex.App. - Dallas 2001, pet’n ref’d). The evidence must include some
sort of extraneous conduct on behalf of the defendant which forms part of the alleged extraneous
offense. Moreno v. State, 858 S.W.2d 453, 463 (Tex.Cr.App), cert. den’d, 510 U.S. 966 (1993); 
Castillo v. State, supra. Statements concerning a defendant’s thoughts of wrongdoing are merely
inchoate thoughts. Moreno v. State, supra. In order to implicate Rule 404(b), there muse be actual
conduct involved which alone or in combination with these thoughts could constitute a bad act,
wrong, or crime. Massey v. State, 933 S.W.2d 141, 154 (Tex.Cr.App.1996); Moreno v. State, supra;
Castillo v. State, supra. Appellant’s letters to the victim pertain to appellant’s thoughts and do not
involve any conduct on the part of appellant which implicates Rule 404(b). 
            The trial court overruled appellant’s objection pursuant to Rule 403 that the probative value
of the letters was outweighed by the prejudicial effect. Montgomery does not require that the trial
court perform a balancing test in a formal hearing on the record. Williams v. State, 958 S.W.2d 186
(Tex.Cr.App.1997); Yates v. State, 941 S.W.2d 357, 367 (Tex.App. - Waco 1997, pet’n ref’d). By
overruling the Rule 403 objection, the trial court necessarily conducted the balancing test when it
considered the objection. Yates v. State, supra. Appellant has not shown that the trial court abused
its discretion in overruling his Rule 403 objection. Massey v. State, supra. Appellant’s first issue
in each cause number is overruled.
            In his second issue on appeal in Cause No. 11-02-00292-CR, appellant argues that the trial
court erred in considering evidence of other crimes to revoke his community supervision. In the
other three cause numbers, appellant complains that the trial court erred in admitting this same
evidence. The victim testified that, while she and appellant were driving around, appellant said that
he needed to get some money and then “get away as far as he could go.” The victim testified that
appellant stopped at a little house where no one was home. Appellant went to the house and returned
a few minutes later with a “CD player” and an electric heater. The victim stated that appellant then
drove to a camping trailer. Appellant went to the trailer and returned with a television, camera, rod
and reels, and a hunting jacket. Appellant went to a pawn shop in Brownwood where he had the
victim pawn the items. 
            We review a trial court’s decision to admit evidence under an abuse-of-discretion standard. 
Santellan v. State, 939 S.W.2d 155, 168-69 (Tex.Cr.App.1997). As long as the trial court’s ruling
is within the zone of reasonable disagreement, there is no abuse of discretion and we will uphold the
trial court’s ruling. Santellan v. State, supra.
            Appellant argues that evidence of the burglaries was not admissible as same transaction
contextual evidence. Same transaction contextual evidence is admissible as an exception under Rule
404(b) where such evidence is necessary to the jury’s understanding of the charged offense. Wyatt
v. State, 23 S.W.3d 18 (Tex.Cr.App.2000). Extraneous conduct is considered to be same transaction
contextual evidence when the charged offense would make little or no sense without also bringing
in the same transaction evidence. Rogers v. State, 853 S.W.2d 29, 33 (Tex.Cr.App.1993). Same
transaction contextual evidence is admissible where: 
[S]everal crimes are intermixed, or blended with one another, or connected so that
they form an indivisible criminal transaction, and full proof by testimony, whether
direct or circumstantial, of any one of them cannot be given without showing the
others. 
 
Mayes v. State, 816 S.W.2d 79, 86-87 n.4 (Tex.Cr.App.1991). 
            The record shows that appellant committed the burglaries while in the course of committing
the charged offenses. The trial court found that the evidence was necessary to explain how appellant
obtained the money to perpetuate the crime and avoid capture. Appellant has not shown that the trial
court clearly abused its discretion in allowing the testimony. Appellant’s second issue on appeal in
all cause numbers is overruled. 
            In his third issue in Cause Nos. 11-03-00293-CR, 11-03-00294-CR, and 11-03-00295-CR,
appellant argues that the trial court erred in refusing to include a limiting instruction in its charge to
the jury. Appellant requested that the trial court instruct the jury not to consider against him any
testimony regarding appellant’s having committed offenses other than those charged in the
indictment. Appellant contends that the letters written by appellant and read to the jury by the victim
are evidence of other crimes requiring the requested limiting instruction.
            As discussed in appellant’s first issue on appeal, the letters are not evidence of an extraneous
offense. Therefore, the trial court did not err in refusing appellant’s requested instruction. 
Moreover, a trial court does not err in refusing to give a requested limiting instruction in the jury
charge when a defendant does not request the instruction at the time the evidence is admitted. 
Hammock v. State, 46 S.W.3d 889 (Tex.Cr.App.2001). This issue is overruled.
            In his fourth issue in Cause Nos. 11-03-00293-CR, 11-03-00294-CR, and 11-03-00295-CR,
appellant complains that the State made an impermissible comment during its closing argument. 
During its final argument, the State commented:
This is not a he said/she said. Those complications – and don’t think you can’t
convict on he said/she said either. But this is not a he said/she said. This is a she
said.
 
Appellant objected that the State’s argument was an improper comment on appellant’s failure to
testify. The trial court overruled the objection; and the State continued by stating: “This is a she
says, and they say, and that says, and he says. All this says he’s angry at her. She defied him.” 
            A prosecutorial comment that refers to an accused’s failure to testify violates the accused’s
Fifth Amendment right against compelled self-incrimination. Canales v. State, 98 S.W.3d 690, 695
(Tex.Cr.App.2003); Bustamante v. State, 48 S.W.3d 761, 765 (Tex.Cr.App.2001). The comment
must clearly refer to the accused’s failure to testify, and it is not sufficient if it might be construed
as an implied or indirect allusion. Canales v. State, supra. We must determine whether the language
used was manifestly intended or was of such a character that the jury would necessarily and naturally
take it as a comment on the defendant’s failure to testify. Canales v. State, supra.
            During his closing argument, appellant’s counsel stated that this case involves a “he says/she
says problem.” Appellant’s counsel argued:
It is kind of hard to see how we could routinely convict a man of rape in the
situations consistent with he said/she said and apply it and make it go all way down
to here. All the way to beyond a reasonable doubt in a he said/she said case....It
troubles me and I hope it troubles you, finding someone guilty of sexual assault,
acquaintance rape, whatever you want to call it, on the basis of nothing but the
victim’s testimony. 
 
The State’s comment responds to the argument of appellant’s counsel characterizing the case as a
he said/she said problem and expressing concern over convictions based solely upon the victim’s
testimony. See Canales v. State, supra. Viewing the State’s entire argument, the State attempts to
respond to that argument by informing the jury that it can convict based upon the victim’s testimony
and by discussing the other evidence presented. The comment is not such that the jury would
necessarily take it as a comment on appellant’s failure to testify. Canales v. State, supra. This issue 
is overruled.
            The judgments of the trial court are affirmed.
 
                                                                                                JIM R. WRIGHT
                                                                                                JUSTICE 
 
December 2, 2004
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.