Opinion filed April 16, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed April 16,
2009

 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                  ___________

 

                                                          No. 11-07-00295-CR

                                                    __________

 

                           ROBERT LINDSEY GREENE, JR., Appellant

 

                                                             V.

 

                          STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 355th District Court

 

                                                           Hood
County, Texas

 

                                                 Trial
Court Cause No. CR10469

 



 

                                                                   O
P I N I O N

The
jury convicted Robert Lindsey Greene, Jr. of three counts of sexual assault of
a child and three counts of indecency with a child.  The jury assessed
punishment at fourteen years confinement on each of the counts.  The trial
court ordered that the sentences run concurrently.  We affirm.

                                                               Background
Facts








Appellant
was indicted for three counts of sexual assault of a child (Counts One through
Three) and four counts of indecency with a child (Counts Four through Seven). 
The indictment referred to the child by the pseudonym AL.F.@ 
The indictment alleged that the offenses occurred on or about October 15,
2005.  L.F. was sixteen years old at the time of the alleged offenses.  Counts
One through Three alleged that appellant sexually assaulted L.F. by penetrating
her sexual organ with his fingers, by penetrating her sexual organ with his
sexual organ, and by penetrating her mouth with his sexual organ.  Counts Four
through Seven alleged that appellant committed indecency with a child by
engaging in sexual contact by touching L.F.=s
breast with his sexual organ, by touching L.F.=s
breast with his hand, by touching L.F.=s
genitals with his mouth, and by touching L.F.=s
genitals with his hand.

The
jury convicted appellant of Counts One through Six.  Count Seven was not
submitted to the jury.  Following the jury=s
verdict, the State moved to dismiss Count Seven on the ground that it was a
lesser included offense of the offense alleged in Count One.  The trial court
granted the State=s
motion to dismiss.

                                                             The
Evidence at Trial

We
note that appellant does not challenge the sufficiency of the evidence
supporting his convictions.  However, an analysis of appellant=s issues on appeal requires
a review of the evidence. The record shows that, in 2005, appellant worked as a
detective for the Crowley Police Department.  At that time, L.F.=s mother, Denise Reynolds,
also worked at the department.  Denise was a records clerk and property
evidence tech for the department.  Appellant and his wife, Elizabeth, became
friends with Denise and L.F., and appellant spent one-on-one time with L.F. 
Appellant discussed L.F.=s
problems with her, helped her with her homework, played video games with her,
went to the movies with her, and taught her how to shoot a gun at a shooting
range.  L.F. often visited Denise at the Crowley Police Department, and L.F.
talked with appellant many times at the department.

In
November 2005, appellant and Elizabeth went on a Caribbean cruise with Denise
and L.F.  At about the same time, the Crowley Police Department was
experiencing problems with one of its computers.  The department hired a
private company to repair the computer.  The company discovered that child
pornography had been saved on the computer.  At a pretrial hearing, the State
presented evidence that appellant was the only person with access to the
computer when the child pornography images were saved on it.  Appellant was
placed on administrative leave from the Crowley Police Department pending an
investigation.  Appellant went to work for a company named PumpCo after leaving
the department.








A
warrant was issued for appellant=s
arrest for the offense of possession of child pornography on his work computer
at the Crowley Police Department.  Before appellant was arrested, United States
Deputy Marshal Vickie Gilpin Birge and her partner informed Elizabeth that they
had an arrest warrant for appellant.  Deputy Birge testified that Elizabeth
asked if they were there about a sexual assault.  Tarrant County Deputy Sheriff
Robert Hernandez and several other officers assisted in the arrest of appellant. 
Deputy Hernandez testified that, while appellant was being arrested, he asked, AIs this about the sexual
assault?@  Deputy
Hernandez said that he told someone at the Tarrant County District Attorney=s Office about appellant=s statement.

After
appellant was arrested, Lorie Barnell of the Tarrant County District Attorney=s Office called Crowley
Police Department Investigator Richard Chapman.  Barnell=s call led Investigator Chapman to investigate
a possible sexual assault charge against appellant.  Barnell asked Investigator
Chapman whether he knew of anyone who might have been sexually assaulted. 
Investigator Chapman had seen appellant and L.F. together at the police
department, and he thought that L.F. might have been a victim of sexual
assault.  Investigator Chapman asked Denise to talk with L.F. to see whether
there had been a sexual relationship between appellant and L.F.  L.F. told
Denise about her sexual relationship with appellant.  Denise reported back to
Investigator Chapman, and he had L.F. taken to the Alliance for Children to be
interviewed.

L.F.
testified that she and appellant had had a sexual relationship that lasted for
one and one-half months to two months.  She said that the first time she had
sex with appellant was on October 1,  2005.  L.F. also testified that appellant
committed the acts alleged in the indictment.  William Taylor Brooks, who had
worked with appellant at PumpCo, testified that appellant told him L.F.=s name, showed him pictures
of L.F., told him that he and L.F. had had a sexual relationship, and told him
that he and L.F. had engaged in sex in a number of different positions,
including A[m]issionary,
doggy style, anal, [and] oral.@ 
The State presented evidence that appellant sent L.F. a number of text messages
of a sexual nature.

                                                                 Issues
on Appeal








Appellant
presents four issues for review.  In each issue, appellant complains of
evidentiary error.  In his first and second issues, he contends that the trial
court erred in admitting evidence of his arrest for an extraneous offense.  In
his third issue, he asserts that the trial court erred in admitting evidence of
statements that he made to Denise and L.F. about his feelings for L.F.  In his
fourth issue, he contends that the trial court erred by failing to disclose to
him material information contained in L.F.=s
Planned Parenthood records.

                                                              Standard
of Review

We
review a trial court=s
decision to admit or exclude evidence under an abuse of discretion standard.  Oprean
v. State, 201 S.W.3d 724, 726 (Tex. Crim. App. 2006); Burden v. State,
55 S.W.3d 608, 615 (Tex. Crim. App. 2001).  An appellate court will not reverse
a trial court=s ruling
unless that ruling falls outside the zone of reasonable disagreement.  Zuliani
v. State, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003); Burden, 55
S.W.3d at 615.  Error in the admission of evidence is nonconstitutional error
and is, therefore, subject to a harm analysis under Rule 44.2(b) of the Rules
of Appellate Procedure.  Tex. R. App. P.
44.2(b); Potier v. State, 68 S.W.3d 657, 666 (Tex. Crim. App. 2002); Johnson
v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998); West v. State,
124 S.W.3d 732, 734 (Tex. App.CHouston
[1st Dist.] 2003, pet. ref=d). 
Therefore, to obtain a reversal of a conviction based on error in the admission
of evidence, an appellant must show that the trial court=s ruling was in error and that the error
affected his substantial rights.  Rule 44.2(b); West, 124 S.W.3d at
734.  Substantial rights are not affected by the erroneous admission of
evidence Aif the
appellate court, after examining the record as a whole, has fair assurance that
the error did not influence the jury, or had but a slight effect.@  Motilla v. State,
78 S.W.3d 352, 355 (Tex. Crim. App. 2002) (quoting Johnson, 967 S.W.2d
at 417)).  

                                            Evidence
of Arrest for Extraneous Offense

In
his first and second issues, appellant argues that the trial court erred in
admitting evidence of his June 2006 arrest for possession of child
pornography.  Specifically, appellant asserts that the evidence relating to his
June 2006 arrest was not relevant and allowed the jury Ato consider evidence of character conformity.@  Alternatively, appellant
argues that, if the evidence was relevant, it should have been excluded under
Rule 403 of the Rules of Evidence.  Tex.
R. Evid. 403.  Appellant also argues that the trial court violated his
rights to due process of law and a fair and impartial jury by allowing the
State to go into details of his June 2006 arrest.








Before
trial, the trial court ruled, over appellant=s
objections, that the State would be allowed to offer limited evidence relating
to appellant=s June
2006 arrest for the purpose of showing that the arrest led to the investigation
of appellant in this cause.  The prosecutor explained the purpose of the
evidence during his opening statement:

And
I want to tell you some things that you=re
not going to hear about and why you=re
not going to hear about them.  Now, you=re
not going to hear about what this arrest warrant was for, you=re not going to hear about
the details of that investigation, that initial one, and the reason why is is
it=s not relevant to
anything that you have to consider here today, except for it explains how this
all started.  Okay?  So I don=t
want you to be trying to speculate or guess as to what that was.  You=re only to consider that B and Judge Walton may even
tell you more or less the same thing B
you=re only to
consider evidence about this arrest for the limited purpose of explaining why
or how Richard Chapman started looking into the relationship between the
defendant and [L.F.].

 

The State
presented limited evidence about the June 2006 arrest during trial.  The
evidence showed that the arrest was not for sexual assault, that appellant and
Elizabeth both asked whether the arrest was for sexual assault, and that the
arrest led to the investigation in this cause.  The State did not offer
evidence that appellant was arrested for possession of child pornography.  The
trial court gave the following limiting instruction during Elizabeth=s testimony about the
arrest:

THE
COURT:  [W]ell, the jury is instructed not to consider this testimony as it
relates to the events surrounding the issuance of a warrant for the arrest of B of the defendant as is
being discussed right now.  Any evidence of the guilt of the defendant in this
case right here has nothing to do with that, it=s
just contextual to show the surrounding of the events leading up to his
arrest.   

 

Rule 404(b) of
the Rules of Evidence provides:

 

Evidence
of other crimes, wrongs or acts is not admissible to prove the character of a
person in order to show action in conformity therewith.  It may, however, be
admissible for other purposes, such as proof of motive, opportunity, intent,
preparation, plan, knowledge, identity, or absence of mistake or accident.     

 

Tex. R. Evid. 404(b).  Rule 404(b)
incorporates the fundamental tenet of our criminal justice system that an
accused may be tried only for the offense for which he is charged and not his
criminal conformity.  Rankin v. State, 974 S.W.2d 707, 718 (Tex. Crim.
App. 1996).  For an extraneous offense to be admissible, it must be relevant
apart from supporting an inference of character conformity.  Montgomery v.
State, 810 S.W.2d 372, 387 (Tex. Crim. App. 1991).  








Extraneous
offense evidence may be admissible for purposes other than those expressly
listed in Rule 404(b).  For example, such evidence may be admissible as same
transaction contextual evidence, which has been defined as evidence of other
offenses connected with the offense charged.  Wyatt
v. State, 23 S.W.3d 18, 25 (Tex.
Crim. App. 2000); Rogers v. State, 853 S.W.2d 29, 33 (Tex. Crim. App.
1993); Swarb v. State, 125 S.W.3d 672, 681 (Tex. App.CHouston [1st Dist.] 2003,
pet. dism=d).  A[I]t has long been the rule
in this State that the jury is entitled to know all relevant surrounding facts
and circumstances of the charged offense; an offense is not tried in a vacuum.@  Moreno v. State,
721 S.W.2d 295, 301 (Tex. Crim. App. 1986).  Same transaction contextual
evidence is admissible under Rule 404(b) to the extent that it is necessary to
the jury=s
understanding of the charged offense, such as when the charged offense would
make little or no sense without it.  Wyatt, 23 S.W.3d at 25; Swarb,
125 S.W.3d at 681.  The purpose of admitting extraneous offense evidence as
same transaction contextual evidence is to place the instant offense in
context.  Nguyen v. State, 177 S.W.3d 659, 667 (Tex. App.CHouston [1st Dist.] 2005,
pet. ref=d).

Appellant=s June 2006 arrest, coupled
with his question about whether he was being arrested for sexual assault, led
to Investigator Chapman=s
investigation of appellant in this cause.  L.F. did not make her sexual assault
outcry until after Investigator Chapman began his investigation.  The State
could not adequately describe the facts and circumstances of the offenses
charged in this cause without presenting evidence relating to appellant=s June 2006 arrest.  The
evidence about the circumstances surrounding appellant=s June 2006 arrest explained why Investigator
Chapman was investigating appellant.  Without such an explanation, the timing
of Investigator Chapman=s
investigation and L.F.=s
outcry would make little or no sense to a jury.  We find that the evidence
relating to appellant=s
June 2006 arrest constituted same transaction contextual evidence for the
purposes of Rule 404(b).  See Swarb, 125 S.W.3d at 682 (Evidence of an
arrest warrant relating to an extraneous offense provided the jury with the
context to show why the officers were searching for the defendant and how they
discovered controlled substances in his vehicle.).








In
addition to satisfying the requirements of Rule 404(b), extraneous offense
evidence must also satisfy the balancing test of Rule 403.  Nguyen, 177
S.W.3d at 668; Swarb, 125 S.W.3d at 681.  Under Rule 403, relevant
evidence may be excluded if its probative value is substantially outweighed by
the danger of unfair prejudice.  A Rule 403 analysis by the trial court should
include, but is not limited to, the following considerations:  (1) the
probative value of the evidence; (2) the potential of the evidence to impress
the jury in some irrational, indelible way; (3) the time the proponent needs to
develop the evidence; and (4) the proponent=s
need for the evidence.  Erazo v. State, 144 S.W.3d 487, 489 (Tex. Crim.
App. 2004).  Generally, although a trial court must still perform a balancing
test to see if same transaction contextual evidence=s probative value is substantially outweighed
by its prejudicial effect, the prejudicial nature of contextual evidence rarely
renders it inadmissible, as long as it sets the stage for the jury=s comprehension of the
whole criminal transaction.  Swarb, 125 S.W.3d at 681.

During
a pretrial hearing, the trial court performed a Rule 403 balancing test on the
evidence relating to appellant=s
June 2006 arrest and determined that its probative value outweighed any
prejudicial effect.  Therefore, the trial court indicated that it would allow
the State to introduce the evidence at trial.  Appellant made Rule 403
objections to the evidence during trial, and the trial court overruled the
objections.  A trial court is not required to perform a balancing test in a
formal hearing on the record.  Williams v. State, 958 S.W.2d 186, 195-96
(Tex. Crim. App. 1997); Yates v. State, 941 S.W.2d 357, 367 (Tex. App.CWaco 1997, pet. ref=d).  By overruling
appellant=s Rule 403
objections, the trial court necessarily conducted the balancing test when it
considered the objections.  Yates, 941 S.W.2d at 367.

The
probative nature of the evidence relating to appellant=s June 2006 arrest is set forth above.  The
evidence explained the reason for Investigator Chapman=s investigation of appellant. The State needed
to introduce the evidence to adequately describe the circumstances of the
charged offenses.  The prosecutor explained to the jury that it was to consider
the evidence about the June 2006 arrest for the limited purpose of explaining
why or how Investigator Chapman began his investigation.  The record does not
show that the evidence about appellant=s
June 2006 arrest had the potential to impress the jury in some irrational,
indelible way.  The record does not establish that the probative value of the
evidence was substantially outweighed by the danger of unfair prejudice; 
therefore, the trial court did not abuse its discretion in overruling appellant=s Rule 403 objections.








However,
even assuming that the admission of the evidence constituted error, the record
does not demonstrate that appellant was harmed by the evidence.  In assessing
harm, the appellate court should consider everything in the record, including
any testimony or physical evidence admitted for the jury=s consideration, the nature of the evidence
supporting the verdict, and the character of the alleged error and how it might
be considered in connection with other evidence in the case.  Motilla,
78 S.W.3d at 355; Morales v. State, 32 S.W.3d 862, 867 (Tex. Crim. App.
2000).  We have summarized the evidence at trial above.  The State presented
ample evidence of appellant=s
guilt. The State informed the jury of the purpose of the limited evidence relating
to appellant=s June
2006 arrest, and the trial court gave the jury a limiting instruction about the
evidence.  Viewing the entire record and assuming that the admission of the
evidence relating to the June 2006 arrest constituted error, we conclude that
the error did not have a substantial and injurious effect or influence on the
jury=s verdict.

Appellant
also contends that Elizabeth=s
statement to Deputy Birge about whether Deputy Birge and her partner were there
about a sexual assault constituted inadmissible hearsay.  Elizabeth=s statement was cumulative
of appellant=s
statement to Deputy Hernandez when he was arrested, and appellant=s statement was not
hearsay.  Tex. R. Evid.
801(e)(2)(A); Trevino v. State, 991 S.W.2d 849, 853 (Tex. Crim. App.
1999) (A[A] criminal
defendant=s own
statements, when being offered against him, are not hearsay.@).  Even if the trial court
erred in admitting Elizabeth=s
statement, the record does not demonstrate that appellant was harmed by the
evidence.  We overrule appellant=s
first and second issues.

                                     Appellant=s Statements About His
Feelings for L.F.








In
his third issue, appellant contends that the trial court erred in admitting
evidence of statements he made to Denise and L.F. about his feelings for L.F. 
In his brief, appellant cites two instances of testimony.  First, Denise
testified that appellant told her that he was in love with L.F. and wanted to
be with her.  Second, L.F. testified appellant told her that Ahe would like to kiss me on
the neck, rub his hand up my side, grab my breasts and engage in sexual
activity.@  Appellant
asserts that this testimony contained evidence of extraneous offenses or bad
acts under Rule 404(b). He contends that the evidence was inadmissible for two
reasons: (1) the State failed to provide him with reasonable notice of the
State=s intent to
introduce such evidence as required by Rule 404(b) and Article 38.37 of the
Code of Criminal Procedure[1] and (2) that
its prejudicial effect outweighed its probative value.

To
constitute an extraneous offense, the evidence must show a crime or bad act and
must connect the defendant to it.  Lockhart v. State, 847 S.W.2d 568,
573 (Tex. Crim. App. 1992); Castillo v. State, 59 S.W.3d 357, 361 (Tex.
App.CDallas 2001, pet.
ref=d).  The evidence
must include some sort of extraneous conduct on behalf of the defendant that
forms a part of the alleged extraneous offense.  Moreno v. State, 858
S.W.2d 453, 463 (Tex. Crim. App. 1993).  Statements concerning a defendant=s thoughts of wrongdoing
are merely inchoate thoughts.  Id.  To implicate Rule 404(b), there must
be actual conduct that alone or in combination with these thoughts could
constitute a bad act, wrong, or crime.  Massey v. State, 933 S.W.2d 141,
154 (Tex. Crim. App. 1996); Moreno, 858 S.W.2d at 463; Castillo,
59 S.W.3d at 361.  Appellant=s
statements about his feelings for L.F. and what he wanted to do to her
pertained to his thoughts and did not implicate any conduct on his part that
would invoke Rule 404(b).  Therefore, the State was not required to give
appellant notice of its intent to introduce this evidence under Rule 404(b) or
Article 38.37.  

Evidence
about appellant=s
feelings for L.F. and what he wanted to do to her was relevant to, and highly
probative of, appellant=s
state of mind and the relationship between appellant and L.F.  The record does
not demonstrate that the probative value of this evidence was substantially
outweighed by the danger of unfair prejudice.  Therefore, the trial court did
not abuse its discretion in admitting the evidence.  However, assuming that the
trial court committed error, we note that appellant sent a text message to L.F.
telling her he loved her and that appellant sent her text messages of a sexual
nature.  The record does not demonstrate that appellant was harmed by Denise=s and L.F.=s testimony about his
feelings for L.F. and what he wanted to do to her.  We overrule appellant=s third issue.

                                                       Planned
Parenthood Records








 In
his fourth issue, appellant argues that L.F.=s
Planned Parenthood records may have contained material information as defined
in Brady v. Maryland, 373 U.S. 83 (1963).  Appellant asserts that the
trial court abused its discretion in failing to disclose the material
information to him. Appellant subpoenaed L.F.=s
Planned Parenthood records.  The trial court conducted an in camera review of
the records.  By letter ruling, the trial court found that the records did not
contain information that was material to the case.  The trial court stated in
the letter that it would be returning the records to Planned Parenthood.  The
following exchange took place between appellant=s
counsel and the trial court at a pretrial hearing:

[DEFENSE
COUNSEL]:  The second matter I have, Your Honor, as the Court=s aware, I subpoenaed some
Planned Parenthood documents that the Court reviewed and determined they were
not material and relevant to this trial.  I B
in the Court=s order,
Judge, you indicated you had sent those documents back to Planned Parenthood. 
I would inquire whether the Court contained a sealed copy in the clerk=s file.

 

THE
COURT:  No.

 

[DEFENSE
COUNSEL]: Then I=d
request that I be allowed to contact Planned Parenthood and get a sealed copy
for record only purposes, certainly order on the outside of those records
sealed, only to be opened with permission of the Court.  

 

THE
COURT: All right.  You can do that.  I=ll
grant you permission to do that and order Planned Parenthood to turn over a
sealed copy of it.  

 

[DEFENSE
COUNSEL]: Okay.  I=ll
take care of that, Judge.

 

The
record does not show that appellant=s
counsel contacted Planned Parenthood in an effort to obtain a sealed copy of
the records for the trial court clerk=s
file or that the records were filed with the clerk.  The appellate record does
not contain the records.  While appellant believes that the records contain
material information, we cannot evaluate his claim because the records are not
before us.  Appellant had the burden to include all matters in the record
necessary to evaluate his claim.  Roberts v. State, 220 S.W.3d 521, 527
(Tex. Crim. App. 2007);  Newsome v. State, 829 S.W.2d 260, 264 (Tex.
App.CDallas 1992, no
pet.).  Because appellant did not include the Planned Parenthood records in the
record, he failed to preserve error on this issue.  Roberts, 220 S.W.3d
at 527; Newsome, 829 S.W.2d at 264.  We overrule appellant=s fourth issue.  

                                                               This
Court=s Ruling

We
affirm the judgment of the trial court.

 

 

TERRY McCALL

April 16, 2009                                                                         
JUSTICE

Publish.  See
Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]Tex. Code Crim. Proc. Ann. art. 38.37 (Vernon Supp. 2008).