IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00261-CR

 

Darrell Wilson Jones,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 85th District Court

Brazos County, Texas

Trial Court No. 07-05134-CRF-85

 



MEMORANDUM  Opinion










 

            Darrell Wilson Jones was convicted by
a jury of two counts of the offense of Aggravated Sexual Assault of a Child.  Tex. Pen. Code. Ann. § 22.021(a)(2)(B)
(Vernon 2003).  Jones elected to have the trial court determine his sentence. 
After a punishment hearing, the trial court sentenced Jones to two (2)
consecutive life terms in the Texas Department of Criminal Justice –
Institutional Division as a repeat or habitual offender.  Tex. Pen. Code Ann. § 12.42 (Vernon
2003).  Jones was at that time already on deferred adjudication community
supervision for the offense of sexual assault of a child.  Jones complains that
the trial court erred in denying his motion for a directed verdict, that the
trial court abused its discretion in allowing the admittance of testimony, and
that he received ineffective assistance of counsel.  Because we find that Jones
was not entitled to a directed verdict, that there was no abuse of discretion
in the admission of the testimony, and that the record is insufficient to
establish ineffective assistance of counsel, we affirm the judgment. 

Directed Verdict

Jones complains that the trial court erred in
denying his motion for a directed verdict when the victim was unable to
identify him in court as the perpetrator of the offense.  We treat a denial of
a motion for directed verdict as a challenge to the legal sufficiency of the
evidence to support a conviction.  Williams v. State, 937 S.W.2d 479,
482 (Tex. Crim. App. 1996).  When conducting a legal-sufficiency review, we
view the evidence in the light most favorable to the verdict to determine
whether any rational fact finder could have found the essential elements of the
offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979); Lane v. State, 151 S.W.3d 188, 191-92
(Tex. Crim. App. 2004).  The jury is the exclusive judge of witness
credibility, the determiner of the weight accorded to witness testimony, and
the reconciler of conflicts in the evidence.  See Jones v. State, 944
S.W.2d 642, 647 (Tex. Crim. App. 1996).  Further, all evidence, whether
properly or improperly admitted, will be considered when reviewing the evidence
for legal sufficiency.  See Lockhart v. Nelson, 488 U.S. 33, 41-42, 109 S. Ct. 285, 102 L. Ed. 2d 265 (1988); Johnson v. State, 967 S.W.2d 410,
411 (Tex. Crim. App. 1998).

Identity may be proven by direct evidence,
circumstantial evidence, or even inferences.  See Earls v. State, 707
S.W.2d 82, 85 (Tex. Crim. App. 1986) (noting that victim's misidentification of
juror as perpetrator at trial was not fatal where circumstantial evidence,
including testimony of officer who arrested defendant at scene, pointed to the
defendant as the perpetrator).  Proof of the accused's identity through
circumstantial evidence is not subject to a more rigorous standard than is
proof by direct evidence, as both are equally probative.  McGee v.
State, 774 S.W.2d 229, 238 (Tex. Crim. App. 1989).  The sufficiency of the
evidence is then determined from the cumulative effect of all the evidence.  See
Alexander v. State, 740 S.W.2d 749, 758 (Tex. Crim. App. 1987).  

The absence of an in-court identification is
merely a factor for the jury to consider in assessing the weight and
credibility of the witnesses' testimony.  See Sharp v. State, 707 S.W.2d
611, 614 (Tex. Crim. App. 1986) (even a total failure to identify the defendant
on one occasion goes only to the weight to be given to the identification
evidence).  The victim had identified her perpetrator as the person she knew as
“Uncle Darrell” at the time of her outcry.  The victim was unable to identify
Jones sitting in the courtroom at the trial as her perpetrator.  However, the
victim did identify the person she knew as “Uncle Darrell” when she was shown a
photograph taken of Jones at the time of his arrest.  The victim’s mother and
another witness identified Jones as the person the victim called “Uncle
Darrell,” and they also confirmed that the victim and her mother had resided
with Jones during the times the victim asserted that the assaults took place. 
The photograph of Jones taken when he was arrested was later affirmatively
identified as being that of Jones through testimony of law enforcement.  Using
the above standards, we find that the trial court did not err in denying
Jones’s motion for directed verdict on this basis.  We overrule Jones’s issue
one.

Improper Admission of Testimony

            Jones complains that the trial court
erred in allowing the testimony of a neighbor of Jones pursuant to Texas Rules
of Evidence 401, 403, and 404(b).  Tex.
R. Evid. 401, 403, 404(b).   The neighbor described conversations
between Jones and herself when they discussed the fact that Jones preferred
“new, young boobs” and that he preferred to perform oral sex over regular
intercourse.  Jones objected that the statements were not relevant, that the
statements constituted impermissible character evidence, and that their
probative value was substantially outweighed by the danger of unfair prejudice.

            We review a trial court's decision to
admit or exclude evidence under an abuse of discretion standard.  Oprean v.
State, 201 S.W.3d 724, 726 (Tex. Crim. App. 2006); Burden v. State,
55 S.W.3d 608, 615 (Tex. Crim. App. 2001).  An appellate court will not reverse
a trial court's ruling unless that ruling falls outside the zone of reasonable
disagreement.  Zuliani v. State, 97 S.W.3d 589, 595 (Tex. Crim. App.
2003); Burden, 55 S.W.3d at 615.

Texas
Rule of Evidence 401

            Rule of Evidence 401 defines relevant
evidence as "evidence having any tendency to make the existence of any
fact that is of consequence to the determination of the action more probable or
less probable than it would be without the evidence."  Tex. R. Evid. 401.   Jones was accused
of fondling the breast of his victim and of performing oral sex on the victim
who was ten or eleven years old at the time of the offense.   Certainly,
Jones’s interest in “new, young boobs” and preference for oral sex tends to
make the occurrence of these incidents more probable than it would be without
the evidence.  The evidence is relevant.  However, not all evidence that is
relevant is admissible.  Chaddock v. State, 203 S.W.3d 916, 923 (Tex. App.—Dallas 2006, no pet.).

Texas
Rule of Evidence 404(b)

            To constitute an extraneous offense,
the evidence must show a crime or bad act and must connect the defendant to it.
Lockhart v. State, 847 S.W.2d 568, 573 (Tex. Crim. App. 1992); Castillo
v. State, 59 S.W.3d 357, 361 (Tex. App.—Dallas 2001, pet. ref'd).  The
evidence must include some sort of extraneous conduct on behalf of the
defendant that forms a part of the alleged extraneous offense.  Moreno v. State, 858 S.W.2d 453, 463 (Tex. Crim. App. 1993).  Statements concerning a defendant's thoughts
of wrongdoing are merely inchoate thoughts and nothing more.  Id.  To
implicate Rule 404(b), there must be actual conduct that alone or in
combination with these thoughts could constitute a bad act, wrong, or crime.  Massey
v. State, 933 S.W.2d 141, 154 (Tex. Crim. App. 1996); Moreno, 858
S.W.2d at 463; Castillo, 59 S.W.3d at 361.  Jones's statements about his
preference for “new, young boobs” and his preference for performing oral sex
over regular intercourse pertained to his thoughts and did not implicate any
conduct on his part that would invoke Rule 404(b), and therefore Rule 404(b)
does not apply to these objections.  See McGrath v. State, No.
14-03-00510-CR, No. 14-03-00511-CR, No. 14-03-00512-CR, No. 14-03-00513-CR,
2004 Tex. App. LEXIS 8924 at *40 (Tex. App.—Houston [1st Dist.] October 7,
2004, pet ref’d.) (not designated for publication) (Rule 404(b) does not apply
to a statement by a defendant that he was attracted to thirteen and fourteen
year old girls).

Texas
Rule of Evidence 403

Rule 403 of the Texas Rules of Evidence provides
as follows:  "Although relevant, evidence may be
excluded if its probative value is substantially outweighed by the danger of
unfair prejudice, confusion of the issues, or misleading the jury, or by
considerations of undue delay, or needless presentation of cumulative
evidence."  Tex. R. Evid. 403.
 "Rule 403 favors
admissibility of relevant evidence, and the presumption is that relevant
evidence will be more probative than prejudicial."  Montgomery v. State,
810 S.W.2d 372, 389 (Tex. Crim. App. 1990) (op. on reh'g).  

Although the Texas Rules of Evidence are
intentionally slanted toward the inclusion of all relevant evidence, Rule 403
gives the trial court considerable discretion to exclude evidence when it
appears to that individual judge, in the context of that particular trial, to
be insufficiently probative when measured against the countervailing factors
specified in the rule.  Winegarner v. State, 235 S.W.3d 787, 791 (Tex.
Crim. App. 2007); see Montgomery v. State, 810 S.W.2d 372, 378-79 (Tex.
Crim. App. 1991) (op. on orig. submission); 810 S.W.2d at 391-92 (op. on
reh'g); Johnson v. State, 263 S.W.3d 405, 426-427 (Tex. App.—Waco 2008,
pet. ref’d). 

In a Rule 403 analysis, a
trial court must balance (1) the inherent probative force of the proffered item
of evidence along with (2) the proponent's need for that evidence against (3)
any tendency of the evidence to suggest decision on an improper basis, (4) any
tendency of the evidence to confuse or distract the jury from the main issues,
(5) any tendency of the evidence to be given undue weight by a jury that has
not been equipped to evaluate the probative force of the evidence, and (6) the
likelihood that presentation of the evidence will consume an inordinate amount
of time or merely repeat evidence already admitted.  Gigliobianco v. State,
210 S.W.3d 637, 641-42 (Tex. Crim. App. 2006); see State v. Mechler, 153
S.W.3d 435, 440 (Tex. Crim. App. 2005); Montgomery, 810 S.W.2d at 389-90
(op. on reh'g).  "The rule gives the trial court considerable latitude to
assess the courtroom dynamics, to judge the tone and tenor of the witness'
testimony and its impact upon the jury, and to conduct the necessary
balancing."  Winegarner, 235 S.W.3d at 791.

            Jones's statement that he liked “new,
young boobs” and that he preferred oral sex over regular intercourse was highly
probative of his motive, intent, and state of mind.  In looking at the relevant
criteria, Jones's admission was the primary evidence of his intent and state of
mind, and, the State has a significant need for the evidence.  Jones argues the
statement was not probative because there was no description of how new or
young he preferred breasts to be.  Jones's distinction, however, does not
decrease the probative value of his statements.  

            An extraneous sexual assault can
certainly present the danger of the jury making a decision on an improper,
emotional basis.  See Wheeler v. State, 67 S.W.3d 879, 889 (Tex. Crim.
App. 2002); Montgomery, 810 S.W.2d at 397 (op. on reh'g).  But the presentation of the witness's testimony did not take such a
great amount of time as to confuse or distract the jury from the main issue of
the case.  There is nothing to suggest that the jury was not equipped to
evaluate the probative force of the evidence, the evidence was not unduly
lengthy, and it did not present unnecessary cumulative evidence.  We find that
the trial court’s admission of the evidence is not outside of the zone of
reasonable disagreement. Accordingly, we hold the trial court did not abuse its
discretion in admitting Jones's statements into evidence.  We overrule issue
two.

Ineffective Assistance of Counsel

Jones complains that he received ineffective
assistance of counsel due to his attorney’s failure to call witnesses at
Jones’s punishment hearing who could testify to Jones’s success on community
supervision.  Jones did not file a motion for new trial.   To prevail on an
ineffective-assistance claim, Jones must prove (1) counsel's representation
fell below the objective standard of reasonableness; and (2) there is a
reasonable probability that, but for counsel's deficiency, the result of the
proceeding would have been different.  Strickland v. Washington, 466 U.S. 668, 687, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); Thompson v. State, 9 S.W.3d
808, 812 (Tex. Crim. App. 1999).  In considering an ineffective-assistance
claim, we indulge a strong presumption that counsel's actions fell within the
wide range of reasonable professional behavior and were motivated by sound
trial strategy.  Strickland, 466 U.S. at 689; Thompson, 9 S.W.3d
at 813; Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App.
1994).  To overcome this presumption, a claim of ineffective assistance must be
firmly demonstrated in the record.  Thompson, 9 S.W.3d at 814.  In most cases,
direct appeal is an inadequate vehicle for raising such a claim because the
record is generally undeveloped and cannot adequately reflect the motives
behind trial counsel's actions.  Rylander v. State, 101 S.W.3d 107,
110-11 (Tex. Crim. App. 2003); Thompson, 9 S.W.3d at 813-14. 

When the record is silent regarding trial
counsel's strategy, we will not find deficient performance unless the
challenged conduct was "so outrageous that no competent attorney would
have engaged in it."  Goodspeed v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); Robinson v. State, 16 S.W.3d 808, 813 n. 7 (Tex. Crim. App.
2000).  In rare cases, however, the record can be sufficient to prove that
counsel's performance was deficient, despite the absence of affirmative evidence
of counsel's reasoning or strategy.  Id.

It is critical that the defendant obtain the
necessary record in the trial court to rebut the Strickland presumption
that counsel's conduct was strategic for purposes of appeal.  Thompson,
9 S.W.3d at 814; McCullough v. State, 116 S.W.3d 86, 92 (Tex. App.—Houston
[14th Dist.] 2001, pet. ref'd.).  This kind of record is best developed in a
hearing on a motion for new trial, or by an application for a writ of habeas
corpus.  See Jackson v. State, 973 S.W.2d 954, 957 (Tex. Crim. App.
1998); McCullough, 116 S.W.3d at 92.  Without evidence of the strategy
and methods involved concerning counsel's actions at trial, the appellate court
will presume sound trial strategy.  See Thompson, 9 S.W.3d at 814.  The
record is silent as to any trial strategy by counsel.  When the record is
silent as to counsel's reason for failing to act in some manner, the appellant
fails to rebut the presumption that counsel acted reasonably.  See Thompson,
9 S.W.3d at 814.  We overrule issue three. 

Conclusion

            We find that the trial court did not err in denying Jones’s motion
for directed verdict.  We further find that the trial court did not abuse its
discretion in allowing the testimony regarding Jones’s physical and sexual
preferences.  Finally, the record does not affirmatively establish that Jones
received ineffective assistance of counsel.  We affirm the judgment of the
trial court.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before Chief Justice
Gray,

            Justice Reyna,
and

            Justice Davis

Affirmed

Opinion delivered and
filed November 18, 2009

Do not publish

[CRPM]