

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00364-CR

EVERETT JESSE SULLENS                                          APPELLANT

V.

THE STATE OF TEXAS                                                  STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
TRIAL COURT NO. 1303012D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Everett Jesse Sullens appeals his conviction and sentence for assault bodily injury family member.[2]  We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

[2]This case was originally submitted without oral arguments on January 31, 2014, before a panel consisting of Chief Justice Livingston, Justice Dauphinot, and Justice Gardner.  The court, on its own motion of January 15, 2015, ordered this case reset without oral argument on February 5, 2015; assigned this case to a new panel, consisting of Chief Justice Livingston, Justice Dauphinot, and Justice Gabriel; and assigned the undersigned to author this opinion.

**Background Facts**

On October 2, 2012, Appellant and Dana White, the mother of his two children, got into an altercation on the front porch of Appellant's home. Appellant hit White in the mouth with his fist. White ran next door and asked a neighbor to call the police. White then went back into Appellant's house, and Appellant ran off down the street. White ran after him.

Police arrived and questioned White and Appellant's brother, Stacy. Both said that Appellant had punched White in the mouth. Appellant was subsequently arrested and charged.

A jury found Appellant guilty of assault bodily injury to a family member and that he had been previously convicted of assault bodily injury to a family member. Appellant pleaded true to the repeat offender paragraph of the indictment, and the trial court assessed punishment of fifteen years' confinement. Appellant then filed this appeal.

**Discussion**

**1. White's testimony**

Appellant's first two issues concern White's testimony. In his first issue, Appellant argues that the trial court erred by not granting a mistrial when White violated Appellant's motion in limine. We review a trial court's ruling on a motion for mistrial for an abuse of discretion. *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). An appellate court must uphold the trial court's ruling if it was

within the zone of reasonable disagreement. *Wead v. State*, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004).

To preserve error regarding the admission of evidence in violation of a motion in limine, the preferred procedure is: (1) a timely, specific objection; (2) a request for an instruction to disregard; and (3) a motion for mistrial. *Young v. State*, 137 S.W.3d 65, 69 (Tex. Crim. App. 2004). Generally, a prompt instruction to disregard will cure a witness's inadvertent reference to an extraneous offense. *Ovalle v. State*, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000). Unless the extraneous offense is so calculated to inflame the minds of a jury or is of such a nature as to suggest the impossibility of withdrawing the impression produced, an instruction to disregard can cure any improper impression. *Kemp v. State*, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992). "The party who fails to request an instruction to disregard will have forfeited appellate review of that class of events that could have been 'cured' by such an instruction." *Young*, 137 S.W.3d at 70.

At trial, the following exchange between White and the State took place:

Q. And what happened then when he accused you of being at the neighbor's house?

A. I just—I went to defend myself, like always, and—

Appellant objected and the following bench conference occurred:

[APPELLANT'S COUNSEL]: I think they better get their witness under control, because she's violating the motion in limine. She's violating the motion in limine.

3

[STATE]:  Okay.

[APPELLANT'S COUNSEL]:  We need to take the jury out, and we need to talk about this.

[STATE]:  I think that actually I can limit the damage by telling her—

[APPELLANT'S COUNSEL]:  I want to take the jury out.

[STATE]:  We'll listen [to] the Judge.  What would you like to do?

[APPELLANT'S COUNSEL]:  She said "as usual," Judge.  She said, "I defended myself as usual."  She's violating the motion in limine.

THE COURT:  Uh-huh.  Tell her that, please.

[STATE]:  Okay.

THE COURT:  Not to mention anything.

[STATE]:  Yes.

[APPELLANT'S COUNSEL]:  We're going to object and we're going to move for a mistrial.

THE COURT:  All right.  I'm denying that.

Assuming without deciding that White's testimony violated the motion in limine, an instruction to disregard the comment would have been sufficient to cure the harm.  *See Kemp,* 846 S.W.2d at 308 (holding that "uninvited and unembellished reference to appellant's prior incarceration" was cured by instruction to disregard); *Hudson v. State,* 179 S.W.3d 731, 738 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (holding that harm of testimony of "repeated beatings in the days preceding the incident" was cured by instruction to

4

disregard); *Drake v. State*, 123 S.W.3d 596, 603–04 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) (holding reference to extraneous bad acts harmless because trial court instructed jury to disregard). Because an instruction to disregard White's testimony would have cured the prejudicial effect, if any, of her comment, the trial court did not abuse its discretion by denying Appellant's motion for mistrial. *See Young*, 137 S.W.3d at 72. We overrule Appellant's first issue.

In his second issue, Appellant argues that the trial court erred by overruling Appellant's objection that White's testimony violated rule of evidence 404(b)'s prohibition of evidence of prior bad acts. *See* Tex. R. Evid. 404(b). If the trial court's ruling was within the "zone of reasonable disagreement," then there is no abuse of discretion, and the appellate court must uphold the trial court's ruling. *Sanders v. State*, 255 S.W.3d 754, 758 (Tex. App.—Fort Worth 2008, pet. ref'd).

At trial, the State asked White why the punch to her face did not cause her pain. Before White responded, Appellant objected. Outside the presence of the jury, the State again asked White the question. She responded, "Because I became numb to it." Appellant objected that it was evidence of prior bad acts by Appellant. The trial court overruled the objection. When the jury returned, the State again asked White why she did not feel pain when Appellant hit her in the mouth. White answered, "High tolerance . . . of pain."

Appellant argues that the only inference that the jury could make from White's testimony that she has a high tolerance for pain is that "she has

5

experienced a lot of physical pain at the hands of [Appellant]." To constitute an extraneous offense, the evidence must show a crime or bad act, and that the defendant was connected to it. *Lockhart v. State*, 847 S.W.2d 568, 573 (Tex. Crim. App. 1992). White's statement does not show how Appellant was connected to her high tolerance for pain or that her tolerance was the result of some bad act on Appellant's part. *See Johnson v. State*, 190 S.W.3d 838, 840 (Tex. App.—Fort Worth 2006, no pet.) (holding that audiotape of phone message of defendant talking to victim while she was crying was not any evidence of an extraneous offense or bad act); *Mathis v. State*, 650 S.W.2d 532, 534 (Tex. App.—Dallas 1983, pet. ref'd) (holding that testimony that implied that defendant's photograph was on file with police department was not evidence of prior criminal conduct). The trial court did not abuse its discretion in allowing White's statement. We overrule Appellant's second issue.

## 2. Prior judgments

In his third issue, Appellant argues that the trial court erred by admitting four prior judgments during the punishment phase of trial because the State did not link them to Appellant.

The State elicited testimony from a Tarrant County sheriff's deputy that State's Exhibits 10 through 19 (criminal dockets, judgments, and sentences) were all attributed to Appellant. The State offered into evidence the ten prior convictions, and Appellant objected that the State failed to link Appellant through the inked fingerprints on the documents. The trial court overruled the objection.

6

Appellant later admitted to six of the judgments. On appeal, he complains only of the four judgments to which he did not admit.

To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists and (2) the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). These two elements may be established by certified copies of a judgment and a sentence, including fingerprints, supported by expert testimony identifying them as identical with known prints of the defendant. *See Vessels v. State*, 432 S.W.2d 108, 117 (Tex. Crim. App. 1968) (op. on reh'g). There is no required "mode of proof," however, for the two elements; the State may prove them in a number of different ways. *Flowers*, 220 S.W.3d at 921–22. In proving the elements, the State may use "[a]ny type of evidence, documentary or testimonial." *Id.* at 922; *see Human v. State*, 749 S.W.2d 832, 836 (Tex. Crim. App. 1988). The factfinder looks at the totality of the admitted evidence to determine whether there was a previous conviction and whether the defendant was the person convicted. *Flowers*, 220 S.W.3d at 923.

The four complained-of judgments all contain Appellant's full name and the same date of birth and county identification number. The same name, date of birth, and identification number appear in the convictions that Appellant acknowledged. This was sufficient to link Appellant to the four judgments. *See Goode v. State*, No. 02-10-00465-CR, 2011 WL 4502333, at *2 (Tex. App.—Fort

7

Worth Sept. 29, 2011, pet. ref'd) (mem. op., not designated for publication) ("Given that appellant's unique, nonrecycled CID appeared in relation to two Tarrant County convictions concerning a defendant with appellant's full name and birth date, we hold that a rational trier of fact could have found the evidence sufficient to link appellant to the two prior judgments submitted by the State."). We overrule Appellant's third issue.

## Conclusion

Having overruled Appellant's three issues, we affirm the trial court's judgment.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  June 4, 2015

8